Ex parte JOHN BUCKLEY, Petitioner, v. MATHEW W. HALL, Warden of Missouri Penitentiary.

Division Two, December 15, 1908.

1. PRELIMINARY EXAMINATION: Information: Jurisdiction. In the prosecution by information for a felony, it is not essen_ a preliminary examination.

2. ———: ———: ———: Regularity of Proceeding: Matter of Error and Exception. A failure to accord the defendant tial to the jurisdiction of the circuit court that the information show upon its face that the accused had been accorded a preliminary examination is not jurisdictional to the right of the circuit court to try him upon information for a felony, but only goes to the regularity of the proceedings, and can be taken advantage of only by directing the attention of the trial court to such failure by an appropriate motion and the offering

of evidence establishing the fact; and if defendant is then placed upon his trial, in spite of the fact that he was not accorded a preliminary examination, it is error, and like other irregularities can be preserved for review on appeal by bill of exceptions. It cannot be reached by *habeas corpus*. That writ cannot be made to perform the office of appeal or writ of error.

3. ————: ————: ————: Court of General Sessions: Unconstitutional Court. The fact that defendant was accorded a preliminary examination in the Court of General Sessions, and that the Supreme Court afterwards declared the act establishing that court to be unconstitutional, and that defendant was accorded no other preliminary examination, will not entitle the defendant to be discharged on *habeas corpus* after conviction for a felony upon an information filed in the circuit court which did not on its face show any preliminary examination.

## Habeas Corpus.

PETITIONER REMANDED.

*Thos. J. Rowe, Jr.,* and *Henry Rowe* for petitioner.

(1) A State Legislature has plenary power of legislation and may pass any and all laws not prohibited by the Constitution of the State or of the United States. Cass Co. v. Jack, 49 Mo. 196; Ex parte Roberts, 166 Mo. 207; Lewis' Sutherland Stat. Con. (2 Ed.), sec. 5. (2) The constitutional provision providing for mode of procedure must be construed liberally in favor of accused, and the Legislature has the constitutional right to regulate the procedure by information, and to prescribe a procedure different from that of the common law. State v. Runze, 105 Mo. App. 319; State v. Bonner, 178 Mo. 424. The circuit court of the city of St. Louis could not try petitioner for a felony, except upon indictment or information—unless an information authorized by law was filed in the circuit court, the court had no jurisdiction over the subject-matter. Under the Act of April 15, 1907, no information could be lodged against petitioner until he was accorded a right to a preliminary examination.

The circuit court could not try the case until it appeared that the information lodged by the circuit attorney was by authority of law. It is plain that the circuit court had no jurisdiction of the subject-matter in the case of State v. Buckley, and the law is well settled that an objection to the jurisdiction of the subject-matter can be raised at any stage of the proceedings. State v. Lawrence, 45 Mo. 492; Abernathy v. Moore, 83 Mo. 65. The question of jurisdiction is one which must be tried by the whole record, and when it appears from the latter that the court had no jurisdiction, either over the person or subject-matter, the judgment is void. Brown v. Moody, 64 Mo. 547; Adams v. Cowles, 95 Mo. 501. Jurisdiction must exist or be conferred by law. The jurisdiction to proceed on information is conferred by law and if the law conferring jurisdiction has not been complied with, the court has no jurisdiction. Consent of parties, either expressed or implied, cannot confer jurisdiction over the subject-matter. Hope v. Blair, 105 Mo. 85; State ex rel. v. Withrow, 108 Mo. 1; State ex rel. v. Elkin, 130 Mo. 90; Railroad v. Lowder, 138 Mo. 533. Inherent want of jurisdiction cannot be waived. Johnson v. Detrick, 152 Mo. 243. Whenever proceedings are intended to result in an adjudication, and such proceedings differ from the course of common law, a strict compliance with all material directions of the statute is essential. Railroad v. Hoereth, 144 Mo. 136. Every fact necessary to confer jurisdiction on a court to hear and determine a cause must affirmatively appear in its proceedings. Vickery v. Railroad, 93 Mo. App. 1; State v. Bonner, 178 Mo. 432. (3) It should appear from the information and the allegation should be made therein that before the same was filed in the court petitioner had been accorded a right to a preliminary examination. Petitioner insists that this is a question of jurisdiction and not a question of procedure. The

right to try the case must appear from the pleadings in the case, and can be determined from no other source. Ex parte O'Brian, 127 Mo. 477; People v. Cassels, 5 Hill 164.

*Herbert S. Hadley*, Attorney-General, and *John Kennish*, Assistant Attorney-General, for respondent.

(1) It is not necessary that the information should show upon its face that the accused has been accorded a preliminary examination. State v. Jeffries, 210 Mo. 302; Washburn v. People, 10 Mich. 383; State v. Barnett, 3 Kan. 250. (2) The writ of *habeas corpus* cannot be made to serve the purpose of an appeal or writ of error, but can reach only cases of want of jurisdiction or excess of jurisdiction in the court, by virtue of the judgment of which the petitioner is restrained of his liberty. State ex rel. v. Dobson, 135 Mo. 1; 1 Bailey on Jurisdiction, sec. 311. (3) A preliminary examination does not go to the merits of the trial, but to the regularity of the previous proceedings, and, therefore, is not a jurisdictional fact. State v. Jeffries, supra; Washburn v. People, 10 Mich. 383; State v. Barnett, 3 Kan. 250; State ex rel. v. Dobson, 135 Mo. 1; 1 Bailey on Jurisdiction, sec. 311.

FOX, P. J.—This is an original proceeding in this court by the petitioner for discharge from the penitentiary of this State, where he is now confined in pursuance of a sentence and judgment of the circuit court of the city of St. Louis. The petition, as well as the return, discloses that the petitioner was convicted of the crime of robbery in the first degree, at the February term, 1908, of the circuit court of the city of St. Louis, and that his punishment was assessed at a term of five years in the penitentiary of this State; that judgment was pronounced and sentence passed in accordance with the verdict and that the petitioner

is now a prisoner in the Missouri State Penitentiary, and is in the custody of Mathew W. Hall, warden of the State Penitentiary, in pursuance of the judgment and warrant of commitment of said circuit court.

It is charged in the petition that the circuit court of the city of St. Louis was without jurisdiction to render the judgment of conviction as heretofore in-dicated. The jurisdiction of the court is challenged upon two grounds.

*First.* That the information upon which the defendant was tried and convicted did not show upon its face that the petitioner had been accorded a preliminary examination as required by the Act of 1907. [Laws 1907, p. 243.]

*Second.* That the petitioner was accorded a pretended preliminary examination in the Court of General Sessions of the city of St. Louis; but that by a recent decision of this court the act of the General Assembly, by which said Court of General Sessions was created and established, was adjudged unconstitutional and void, hence, it is claimed by the petitioner that he was not in fact accorded a preliminary examination under the provisions of said Act of 1907, and that the proceedings of the court in the trial and conviction of the defendant were without jurisdiction and void, and that the imprisonment of the petitioner is without authority of law. Then follows the ordinary prayer for discharge from custody.

This is a sufficient indication of the facts disclosed by the petition, as well as the return, to enable us to determine the legal propositions involved.

## OPINION.

The record presents but two questions for our consideration.

*First.* It is insisted that in a prosecution by information for a felony, it is essential to the jurisdic-

tion of the court that the information should show upon its face that the accused had been accorded a preliminary examination.

*Second.* It is urged that the circuit court of the city of St. Louis that rendered and entered the judgment which resulted in the petitioner being confined in the penitentiary, was without jurisdiction to try the petitioner upon the charge preferred against him in the information, for the reason that he had not been previously accorded a preliminary examination as provided by the laws of 1907.

I.

The propositions involved in this application for discharge are by no means new in this court. The same questions have repeatedly been in judgment before this court, and decided adversely to the contention of the petitioner.

In State v. Jeffries, 210 Mo. 302, it was earnestly insisted that it was essential to confer jurisdiction upon the trial court, to allege in the body of the information that the accused had a preliminary examination or had waived it. Responding to that insistence, this court, speaking through Judge Gantt, ruled that it was unnecessary for the information to allege that there had been accorded to the defendant a preliminary examination prior to the filing of the information, and it was said in that case that that ''is not a matter which goes to the merits of the trial, but the regularity of the previous proceedings,'' citing in support of such ruling Washburn v. People, 10 Mich. 383; State v. Barnett, 3 Kan. 250.

In Ex parte McLaughlin, 210 Mo. 657, precisely the same questions were presented that are insisted upon in the case at bar. It was again ruled that it was not essential that the information should show upon its face that a preliminary examination had been

accorded the accused, and it was also held that the writ of *habeas corpus* could not be made a substitute for an appeal or writ of error, citing Ex parte Clay, 98 Mo. 578; Ex parte Mitchell, 104 Mo. 121. It was also suggested in that case that the circuit court of the city of St. Louis was a court of general criminal jurisdiction, and had full power to pass upon questions applicable to the case before it, and should the court commit error in denying a motion to quash or a demurrer to the information, for the reason that a preliminary examination had not been accorded the accused prior to the filing of the information, that those were matters which could be preserved in the record and the rulings of the trial court could be reviewed and corrected upon appeal.

In the case of State v. McKee, 212 Mo. 138, this court was again requested to reconsider the legal propositions involved in the Jeffries and McLaughlin cases, and after a full and thorough consideration of the propositions involved in those cases, we declined to depart from the conclusions reached, and it was expressly ruled in that case that the fact that the defendant had been accorded the right of a preliminary examination was not jurisdictional and need not be alleged in the information, and any failure to accord the defendant the right of a preliminary examination as provided for by the statute, only went to the regularity of the proceedings, which could be taken advantage of by directing the attention of the court to that fact by an appropriate motion and offering proof establishing the fact that he had not been accorded a preliminary examination. If the action of the court upon the question concerning the failure to accord the accused a preliminary examination, to which its attention was appropriately called, was adverse to the defendant, such action could be properly preserved by a bill of exceptions and reviewed by this court, but as

heretofore indicated, it has been uniformly held that the writ of *habeas corpus* cannot be substituted to perform the office of an appeal or writ of error.

If the adjudications heretofore pointed out are to longer be followed (and we see no reason for a departure from them), then there is no escape from the conclusion that this application must be denied.

It is, therefore, ordered that the discharge as sought by this original proceeding be denied, and the petitioner is remanded to the custody of the warden of the penitentiary of the State of Missouri, there to remain until discharged according to the due course of law.

Discharge denied. *Gantt* and *Burgess, JJ.,* concur.