State v. Langford.

---

## THE STATE v. JAMES H. LANGFORD, Appellant.

Division Two, April 7, 1922.

1. **PRELIMINARY EXAMINATION: Motion to Quash Information: Matter of Proof.** A motion to quash the information, based on the ground that defendant had not been accorded a preliminary examination, is in the nature of a plea in abatement, and to en-

State v. Langford.

title it to consideration defendant must offer proof in support of its charges, either by affidavit or other evidence. Recitals in the motion do not prove themselves.

2. ————: ————: Record on Appeal: Transcript of Justice. The transcript of proceedings before the justice of the peace is no part of the record proper of the circuit court, and if incorporated in the transcript of such record may on motion be stricken out.

3. ————: ————: Waiver: Plea of Guilty. Defendant's right to a preliminary examination may be waived, either in the circuit court or the justice's court, and a plea of not guilty in the justice's court amounts to a waiver, since a plea to the general issue before the justice is not required. [DAVID E. BLAIR, J., dissenting.]

4. INSTRUCTION: Assault Upon Overseer: Justification. The grading of a public road in front of defendant's house with a road grader affords no justification for an assault upon the road overseer at the time in the discharge of his duties.

5. ————: Reference to Information. Instructions referring the jury to the information for material matters in issue are erroneous, but an instruction which, after properly defining a deadly weapon, refers them to the information for the manner of its use in the assault, is not erroneous.

6. ————: ————: Stating Substance of Charge. Where the substance of the information has been set out in an instruction, a subsequent instruction may contain a general reference to the information.

7. ————: Assault: Justification: Statement of Facts. A statement in an instruction that the act of the overseer and others conspiring with him to grade the public road in front of defendant's house did not justify defendant's assault upon the overseer, is authorized by an interposed defense to the effect that the work was not being done in the discharge of a public duty, but through spite towards defendant on the part of those engaged in it.

Appeal from Lincoln Circuit Court.—*Hon. Edgar B. Woolfolk*, Judge.

AFFIRMED.

*John L. Burns* for appellant.

(1) The law requires that defendant be accorded the right to a preliminary examination previous to trial

in the circuit court. Sec. 3848, R. S. 1919; State v. Flannery, 173 S. W. 1055. (2) The prosecuting attorney must file his information in the circuit court having jurisdiction of the offense specified therein; and the law provides that the circuit courts shall have original jurisdiction in all cases of felony, and the common law does not sanction the filing of an information by the prosecuting attorney except in cases of misdemeanor. Sec. 3849, R. S. 1919; Sec. 3846, R. S. 1919; 12 Standard Procedure, p. 84; State v. Kyle, 166 Mo. 294; State v. Kelm, 79 Mo. 516. (3) The complaint filed before the justice of the peace for the purpose of affording the defendant the preliminary examination contemplated by the law must be by a complainant who is a competent witness in the case, or by one who has direct, positive or actual knowledge of an infraction of the law. Sec. 3849, R. S. 1919; State v. Hayward, 83 Mo. 299; State v. Downing, 22 Mo. App. 504; State v. Meadows, 106 Mo. App. 604; State v. Stewart, 274 Mo. 649; State v. Simpson, 136 Mo. App. 664. (4) The court instructed the jury concerning a matter not supported by the evidence. State v. Mahood, 177 S. W. 371; State v. Eastham, 240 Mo. 241; State v. Green, 229 Mo. 642; State v. Rollins, 226 Mo. 524; 16 C. J. 1044. (5) The court erroneously referred the jury to the information to ascertain and determine whether or not the hoe alleged to have been the implement of assault was a deadly weapon, and fails to tell the jury what constitutes a deadly weapon, and fails to tell the jury that what constitutes a deadly weapon is a question for them to decide. State v. Brown, 104 Mo. 371; State v. McCaskey, 104 Mo. 648; State v. Marion, 235 Mo. 375; State v. Herring, 188 S. W. 175; State v. Constitino, 181 S. W. 1157; State v. Baker, 246 Mo. 374; 16 C. J. 968; State v. Harper, 69 Mo. 425. (6) The defendant proffered to show that the place where the ditch was being cut was on his land and that the prosecuting witness was, at the time of the difficulty, a trespasser on his lands. State v. Raper, 141 Mo. 327; State v. Kaiser, 78 Mo. App. 575; Morgan v. Durfee, 69 Mo. 469; State v. Webb, 163 Mo. App. 275.

State v. Langford.

*Jesse W. Barrett,* Attorney-General, and *Albert Miller,* Assistant Attorney-General, for respondent.

The appellant in this case insists that the trial court was without jurisdiction to try this cause for the reason that he had not been accorded a preliminary examination as provided by law. After the filing of the information in this case in the circuit court and before appellant was arraigned, a motion was filed calling the attention of the court to the fact that appellant had not been accorded the right of a preliminary examination. This motion was submitted to the court upon the proof as shown by the transcript of the docket of the justice of the peace filed in the office of the cricuit clerk, and thereupon the court overruled appellant's motion to quash. This action of the court, we think, was reversible error. This transcript of the docket of the justice of the peace, on its face, shows that appellant was not accorded a preliminary examination in accordance with the provisions of Art. V, Chap. 25, Revised Statutes 1919, neither does it show that such examination was waived, either expressly or by implication. It does not appear that the magistrate before whom appellant was brought examined the complainant or witnesses produced. It does not show whether the appellant was discharged or held to bail for his appearance to answer the charge before the circuit court. It does not show that upon an examination it appeared that a felony had been committed and that there was probable cause to believe the appellant guilty thereof. These, with other proceedings, are necessary prerequisites to the filing of the information and the basis of the right to proceed in the circuit court by filing an information. Sec. 3848, R. S. 1919; State v. Flannery, 263 Mo. 585 et seq; State v. McKee, 212 Mo. 147; Ex parte McLaughlin, 210 Mo. 662; State v. Jeffries, 210 Mo. 319; State v. Ferguson, 278 Mo. 129; People v. Evans, 40 N. W. (Mich.) 481; In re Gessner, 53 How. Pr. (N. Y.) 515; State ex rel. v. Huegin, 110 Wis. 189, 239; State v. Solomon, 158 Wis. 148.

WALKER, J.—The defendant was charged by information in the Circuit Court of Lincoln County with a felonious assault. Upon a trial, he was convicted of a common assault and his punishment fixed at a fine of two hundred dollars. From this judgment, he appealed.

The prosecuting witness was a road overseer. In May, 1917, he with two others was grading a public road with a road grader. This road ran by the house of defendant. When they reached a point on the road opposite his house, he came out, carrying a heavy hoe, and ordered them to stop the work, saying: "Take up that grader blade. I ain't going to have no grading done here." The overseer said: "Drive on, boys." The defendant, thereupon, ran around behind the overseer and hit him twice on the back of the head with the hoe. The blows knocked him down and he fell in the road. The weapon is described as a heavy iron hoe with a handle about four feet long. A physician was called soon after the assault, who testified that he found the overseer suffering from a gaping wound in the back of his head. It was a ragged wound as if inflicted with a blunt instrument. The patient was under the doctor's care for several days after the first visit. At the time of the assault, the overseer was directing the use of the grader and had made no demonstration towards the defendant.

Defendant's relevant testimony is similar in its general purport to that of the State, except that the reply of the overseer when ordered to desist grading was, "Oh! the devil; drive on." Defendant admits the assault, but says it was with the hoe handle; and that he struck the second blow to prevent the overseer from "seizing and striking him with a hammer, a wrench, a piece of iron or something." Where these weapons were, he does not state. The first assault, witness states, was provoked by the threats stated to have been made by the overseer against the defendant more than a year before the difficulty; when he says the overseer said to him: "Old man, I will fix you some of these days;" and about three months before the difficulty that the overseer said to

him: "If I ever have any trouble with you, I will sure kill you." This testimony was, on rebuttal, denied by the overseer. The jury gave no credence to the testimony of the defendant, but returned a verdict finding him guilty and assessing his punishment as stated.

I.   (a)   It is contended that the trial court erred in overruling defendant's motion to quash the information, based on the ground that the defendant had not been accorded a preliminary examination as required by Section 3848, Revised Statutes 1919. This motion was filed at the beginning of the trial and is as follows:

Preliminary Examination.

"Now comes the defendant in the above entitled cause and moves the court to quash the information in this case and discharge the defendant for the reason that said defendant has not been afforded a preliminary hearing in said case as provided by Section 5056 of the Revised Statutes of Missouri, and Session Acts thereto added for the year 1913."

The disposition of this motion, which comprises all there is in regard to the matter, is shown by the following record entry: "and said motion being duly submitted to the court by the respective counsel was, by the court, overruled. To which ruling of the court, the defendant then and there duly objected and excepted and saved his exceptions."

This motion was in the nature of a plea in abatement and to entitle it to the consideration of the trial court, the defendant should have offered proof in support of same, either by affidavit or other evidence. [Sec. 3959, R. S. 1919; Ex parte Buckley, 215 Mo. l. c. 98; State v. McKee, 212 Mo. l. c. 138.]

In the McKee Case we expressly held that the proof of a motion of this character was not established by its mere filing; that its recitals did not prove themselves, and hence a compliance with the statute was necessary. At bar, as in that case, the record discloses nothing more than the mere allegation in the motion to quash that

the defendant was not afforded a preliminary examination, the court's ruling and the defendant's exception thereto; there is no proof of the allegation or any refusal on the part of the court to hear the same. The trial court, therefore, did not err in overruling the motion.

(b)   The attempted incorporation in the record proper by the clerk of the circuit court of the transcript of the justice's proceedings was without authority. Matters not in fact a part of the record cannot be made so by their inclusion therein by the clerk. This entire matter therefore, embodying the justice's transcript, constituting, as it did, not a part of the record on appeal, might, upon motion, have been stricken out. [State v. Baugh, 217 S. W. (Mo.) l. c. 280, and cases; Val Reis Piano Co. v. Gordon, 207 S. W. (Mo.) l. c. 234; 2 R. C. L. sec. 106, p. 130; Paul v. Cragnaz, 25 Nev. 293, 47 L. R. A. 540.] It is not a part of the record proper under any theory of the case, nor can it become a part of the bill of exceptions except by having been offered in evidence and being regularly incorporated therein with the ruling thereon. Whatever recitals the justice's transcript may therefore disclose are, under our procedure, not within the purview of our review. [State v. Green, 229 Mo. l. c. 655.]

(c)   Although purely academic, in view of the condition of this record, I am of the opinion that the justice's entry is ample to show that the defendant waived a preliminary examination. A waiver may be made either expressly or by implication. [16 C. J. sec. 566, p. 318, and notes.] The justice's entry, so far as concerns the matter at issue, is as follows:

"Whereupon, I issue a state warrant against the defendant and placed the same in the hands of Joe Goodrich, Constable of Burr Oak Township, Lincoln County, State of Missouri. On the 16th day of May, 1917, said warrant was duly executed by arresting said defendant and having him before the court for examination. And the defendant having seen and heard read the information in this cause enters a plea of not guilty in the manner and form as herein charged, this 28th day of May, 1917."

This court has recently, in State v. Flannery, 263 Mo. 579, 173 S. W. l. c. 1055, in harmony with earlier cases, defined the object and purpose of a preliminary examination as intended to obviate the possibility of groundless or vindictive prosecutions which might otherwise occur where informations are authorized to be filed and the deliberations of a grand jury dispensed with; also to secure the presence of the accused for a trial if subsequently indicted or an information is filed against him. The examination, therefore, is in no sense a trial in that the guilt or innocence of the accused is not finally determined, but simply a course of procedure authorized whereby a possible abuse of power by the prosecution may be prevented and a discharge of the accused effected or that he be held to answer, as the facts warrant.

Later, in State v. Ferguson, 278 Mo. l. c. 129, 212 S. W. l. c. 341, we held, in approving a number of earlier cases, that a preliminary examination may be waived not only before the examining tribunal but at the time the defendant is required to plead in the trial court, and that if he pleads the general issue of not guilty, he will be held to have waived the preliminary examination. This presumption as to waiver is based on the fact that the right to a preliminary examination is a. matter which goes simply to the regularity of the trial and not to the guilt or innocence of the accused. To a like effect is the ruling in the earlier case of Ex parte McLaughlin, 210 Mo. l. c. 663, in which we held in almost the identical language subsequently employed in the Ferguson Case, that a preliminary examination may be waived *not only in the justice's court* but at the time he is required to plead to the information; and, *if it appears he pleads the general issue of not guilty, he is held to have waived the examination.*

It is evident from these rulings that the effect of the plea of the general issue is the same whether made before the justice or in the trial court. There is even more reason why this plea may be regarded as more effective before the examining tribunal than before the trial court.

Before the former, the determination of the guilt or innocence of the accused not being in question, a plea in regard thereto is not required and has no proper place in the proceeding, but if voluntarily entered, it cannot be otherwise construed than as an admission by the accused of the probable grounds for the proceeding for the purpose of the case. It was so held in State v. Ritty, 23 Ohio St. 562, in which one brought before a justice of the peace for a preliminary examination was held, notwithstanding he pleaded not guilty, to have waived an examination of witnesses to sustain the charge, and to have submitted to be bound over without the examination. This holding was on the ground that a plea of not guilty in a case of this kind is analogous to the plea of *nolo contendere* at common law, and, like a demurrer, admits the charge for the purpose of the case. This ruling is in line with that of Commonwealth v. Tilton, 8 Met. (Mass.) 233.

II. Instruction numbered five, given at the request of the State, hypothesizes the rights of the overseer while in the discharge of his duties as such, and correctly states that such acts afforded no justification for the assault. It is not, as contended, unsupported by the evidence and in a formal manner correctly states the law.

*Instructions.*

Instruction numbered eight, given at the request of the State, is alleged to be erroneous in that it refers the jury to the information to determine whether or not the hoe, alleged to have been the instrument used in the assault, was a deadly weapon, and that it fails to tell the jury what constitutes a deadly weapon.

The objection to this instruction is based on the rule that the jury should not be referred to the pleadings to determine the issue. The correctness of this rule as stated, under a proper state of facts, is not to be questioned. [State v. McCaskey, 104 Mo. 644; State v. Brown, 104 Mo. 371.] If, therefore, it be true that this instruction simply tells the jury to look to the informa-

tion without more and to determine for themselves what its charges are, it is erroneous. [State v. Constitino, 181 S. W. (Mo.) 1155; State v. Baker, 246 Mo. 357.] It does not do this, however, but, after defining a deadly weapon in the language used in State v. Bowles, 146 Mo. l. c. 13, it refers them to the information for the manner of its use in the assault. Instructions have frequently been approved which referred to the information or indictment for a description of the thing or person under consideration. The manner in which the weapon is charged to have been used is akin to this character of reference. There are cases which go even further to sustain instructions which were assailed as violating the rule stated. Thus, an instruction on murder in the second degree, which was approved by this court, contained the following clause: "you must be satisfied and believe from the evidence that H was killed by the means and in the manner specified in the indictment." And also: "If you believe" etc. "that the defendant killed H in the manner and by the means specified in the indictment" etc. [State v. Joeckel, 44 Mo. 234.] It has also been held that an instruction was not erroneous which, in referring to the killing, used this language: "in some of the modes and by some of the means specified and described in the indictment." [State v. Murray, 91 Mo. l. c. 100.]

There is, however, a more cogent reason than that of analogy in support of this instruction in the rule that where the substance of the indictment has been set out in an instruction, then a subsequent instruction may contain a general reference to the indictment; for example: by using the words "as charged in the indictment." [State v. Alexander, 119 Mo. l. c. 458; State v. Brooks, 92 Mo. l. c. 584; State v. Hollenscheit, 61 Mo. l. c. 308.] We have said in a recent case (State v. Burgess, 193 S. W. (Mo.) l. c. 826) that "we have found no authorities here or elsewhere in which a reference to the information or indictment renders an instruction invalid, unless it left the jury no other alternative than such reference to deter-

mine their duty." The conclusion thus reached was approved in the subsequent case of State v. Byrd, 278 Mo. l. c. 433.

The instruction does not refer the jury to any matter not found in other instructions and is, therefore, not erroneous.

The context of the State's instruction number nine does not support the defendant's objection thereto. It correctly states the law in regard to the use of opprobrious words; and the statement that the act of the overseer and others conspiring with him to grade the road did not justify the defendant's assault, was authorized by the character of the defense interposed to the effect that the work was not being done in the discharge of a public duty, but through spite on the part of those engaged in it towards the defendant. This instruction is not subject to the other objection urged against it to the effect that it is not supported by the evidence.

III. Further objections are urged by the defendant to the regularity of the proceedings in the alleged exclusion of threats and the cutting of a ditch on defendant's property and in refusing to permit a showing as to the animus of witness Wilson to affect his credibility. The record discloses that testimony in regard to each of these matters was admitted and the defendant has therefore no ground of complaint in regard to same. There is no merit in this defense. The defendant was awarded a fair trial, and the judgment of the trial court should be affirmed. It is so ordered. *Higbee, P. J.,* concurs; *David E. Blair, J.,* concurs except as to subdivision "C" of Paragraph I.