THE STATE v. H. G. KAISER and ED KAISER, Appellants.—300 S. W. 716.

Division Two, December 12, 1927.

*Alexander & Coffer* for appellant.

*North T. Gentry*, Attorney-General, for respondent; *Walter E. Sloat*, of counsel.

WALKER, J.—The appellants were charged by information in the Circuit Court of Cape Girardeau County with the unlawful possession of whiskey. Tried to a jury, the court, after hearing the State's evidence, discharged Ed Kaiser; and the jury at the close of

524

the case returned a verdict finding H. G. Kaiser guilty and assessing his punishment at a fine of five hundred dollars. From this verdict and the judgment rendered thereon he has appealed to this court. The case is here by reason of the interposition of a constitutional question.

I. We glean the foregoing facts from what is termed a transcript of the proceedings in the trial court. This transcript embodies neither a full and correct copy of the record proper nor of the bill of exceptions. It is fatally defective in regard to the record proper in that it contains nothing which should have been inserted therein, except the information. The bill of exceptions is likewise incomplete in that the motions to suppress the evidence and quash the search warrant are attempted to be preserved in the record proper, while the entry of the judgment which should have been preserved in the record proper is made a part of the bill of exceptions. In addition to this comedy of errors there are no record entries concerning the swearing of the jury, the trial, the verdict, the judgment, the filing and overruling of the motion for a new trial and the granting of the appeal.

II. Upon an appeal a compliance with the requirements of the statute (Sec. 4102, as amended, Laws 1925, p. 199), is a condition precedent to the right of review in this court without which the right cannot be maintained. If the defects in the transcript were limited to the commingling of record entries with the exceptions this alone would suffice to preclude a review of the errors complained of. In a criminal case nothing short of a "full transcript of the record" will entitle an appellant to be heard on appeal. [Sec. 4102, as amended, supra; State v. Hall, 312 Mo. 1. c. 446 and cases cited; State v. Brown, 279 S. W. (Mo.) 98.] This construction of the statute does not relieve the court from the duty of examining the record. This duty is mandatory. [Sec. 4106, R. S. 1919; State v. Hodges, 295 S. W. (Mo.) 786; State v. Hersh, 296 S. W. 433.] If, therefore, the record proper had been preserved it must be examined. Not so, however, where, as in this case, no such record has been preserved. [State v. Gardner, 250 Mo. 426, 157 S. W. 84.]

Our Rule Thirteen, requiring an examination of record entries and matters of exception regardless of the place in the transcript where they may appear, has no application to the review of criminal cases. No abstract is authorized in perfecting the appeal in such cases, as we have stated in defining the duty of an appellant to bring up a full transcript, nor is the limitation of the rule to be measured by the statute (Sec. 4106, supra), alone, but it is evident from the express reference in Rule Thirteen to Rules Eleven and Twelve, which apply only to civil cases and also to Section 1479, Revised Statutes 1919, to which Rule Eleven makes express reference in defining its application.

In ruling upon the procedure in cases of the character here under discussion we have either affirmed the judgment or dismissed the appeal. The former course has been pursued where the condition of the record proper was sufficiently complete to authorize a review of the same. The latter course has been pursued where, as in the instant case, enough did not appear in the record to authorize a review. To constitute a record within the meaning of the statute it must be a complete record. Under such a state of facts a dismissal of the appeal is the only alternative. It is so ordered. *Blair, J.*, concurs; *White, P. J.*, concurs in the result.