THE STATE v. ALTON (PUNK) CRAFT and ED MORRIS, Appellants.
—66 S. W. (2d) 521.

Division Two, December 20, 1933.

*Roy McKittrick*, Attorney-General, and *William W. Barnes*, Assistant Attorney-General, for respondent.

LEEDY, J.—The appellants, Alton (Punk) Craft and Ed Morris, were jointly charged by information in the Circuit Court of St. Francois County with an offense under Section 4014, Revised Statutes 1929 (Mo. St. Ann., sec. 4014, p. 2817)—namely, felonious assault with malice aforethought and with a deadly weapon and with intent to kill. The case was tried on change of venue in the Circuit Court of Ste. Genevieve County at the October, 1931, Term thereof. The jury apparently returned a verdict of guilty as to both Craft and Morris, and assessed their punishment at terms respectively, of seven and one-half and ten years in the penitentiary. They appealed but have filed no brief.

The transcript of the record before us is in substantially the same form as the one considered and held fatally defective in State v. Kaiser, 318 Mo. 523, 300 S. W. 716, in that the record proper fails to show the verdict, or its rendition, the judgment, the filing and overruling of the motion for new trial, and the granting of the appeal. Indeed, all that the record proper does show is the information, the proceedings by which the venue was changed from St. Francois to Ste. Genevieve County, the empaneling and swearing of the jury, and the filing of the bill of exceptions. It is true there is a copy of the sentence and judgment as to appellant Ed Morris, but

312

as it is set out and attempted to be preserved as a part of the bill of exceptions, we cannot consider it; and this because our rule thirteen, requiring an examination of record entries and matters of exception, regardless of the place in the transcript where they may appear, has uniformly been held to have no application to the review of criminal cases. [State v. Kaiser, supra; State v. Turpin, 332 Mo. 1012, 61 S. W. (2d) 945.] It is the mandatory duty of the court to examine the record if it has been preserved. [Sec. 3760, R. S. 1929; State v. Hersh, 296 S. W. 433.] But the rule does not apply where, as here, no such record has been preserved. [State v. Kaiser, supra.]

In this situation there is nothing before us for review and the appeal should, therefore, be dismissed. On account of the severity of the punishment assessed, we have taken occasion to examine into such of the assignments of error as would be open for review (if the appeal were otherwise properly before us)—particularly the charge that the court should have given an instruction on the law of common assault—and find them without merit.

For the reasons stated the appeal is dismissed. All concur.