THE STATE v. JOHN PIPPEY, Appellant.—71 S. W. (2d) 719.

Division Two, May 17, 1934.*

---

*NOTE: Opinion filed at September Term, 1933, February 23, 1934; motion for rehearing filed; motion overruled at May Term, May 17, 1934.

122

*L. A. Prichard* and *John Haley* for appellant.

*Roy McKittrick*, Attorney-General, and *Wm. Orr Sawyers*, Assistant Attorney-General, for respondent.

124

COOLEY, C.—By information filed November 22, 1929, in the Circuit Court of St. Louis County defendant was charged with robbery in the first degree, alleged to have been committed April 29, 1929. By leave of court on June 23, 1930, the information was amended by changing the date of the offense as alleged in the original information to June 24, 1929. On March 17, 1931, defendant filed a motion to quash the amended information and a plea in abatement, both of which were overruled. He was then arraigned under the amended information, entered a plea of not guilty, was tried and convicted and later at the same term of court, after his motion for new trial had been filed and overruled, was sentenced to nine years' imprisonment in the penitentiary, and appealed.

The State's evidence was principally the testimony of Fred Baker, manager of the Kroger Grocery & Baking Company's store wherein the robbery was alleged to have occurred, and in substance tended to show the following:

About 7:30 A. M., on June 24, 1929, Baker and a thirteen-year-old boy clerk were alone in the store when the defendant and another man entered and defendant asked for a package of cigarettes and a penny box of matches, which Baker delivered to him. Defendant gave Baker a quarter out of which to take the purchase price and as Baker started to hand him the change drew and presented a pistol. He compelled Baker to put up his hands and to go to the back room of the store, his accomplice at the same time compelling the boy clerk, also at the point of a pistol, to go to said room, and then, while the defendant held Baker and the boy in the back room covered by his pistol his accomplice rifled the cash register, securing therefrom

$69.14 in money. Baker at once notified officers, giving them a description of the man who had held the pistol on him. Through that description defendant was arrested on July 20, following, and upon being taken to the store was recognized by Baker. At the trial Baker positively identified the defendant as the man who had assaulted him and who, together with an accomplice, had robbed the store on June 24.

Defendant. testifying for himself, denied participation in the robbery and introduced testimony of himself and his wife tending to prove an alibi. For the present the foregoing is a sufficient outline of the evidence. There can be no question but that the State's evidence is sufficient to make a case and to sustain the conviction.

I. Appellant contends that the court erred in permitting the information to be amended by changing the date of the offense charged from April 29 to June 24, because it had the effect of substituting a different offense from the one with which he was originally charged and for which he had been given a preliminary examination and deprived him. of a preliminary examination on the substituted offense of June 24 charged by the information as amended; and that the court erred in overruling his motion to quash the amended information and his plea in abatement, each of which alleged as ground therefor that defendant had not been accorded a preliminary hearing. These contentions will be considered together. They constitute defendant's chief reliance on this appeal.

The original information charged the robbery to have been committed on April 29, 1929, and the property stolen to have been $69 in money. Under date of June 23, 1930, this record entry appears: "By leave of court information is amended by changing the date of the offense from April 29, 1929, to June 24, 1929, cause ordered continued by consent." The only amendment or change made was in the date of the offense charged and the amendment appears to have been made by interlineation. No objection or exception to the action of the court in permitting the amendment appears. In his motion for new trial defendant says the amendment was made "without notice" to him. but there is no proof of such alleged fact and that part of the record entry, "cause ordered continued by consent," indicates that he was present in person or by attorney and knew of the amendment. We do not understand appellant to contend, nor do we think it could be justly urged, that the amendment would have been improper had there been but one offense committed and the date thereof erroneously stated in the original information, at least absent some special circumstance because of which defendant's rights might have been prejudiced. The trouble here, as we shall presently explain more fully, is that, as it developed *in the trial* of the cause, there were two robberies of the same store, one on April 29 and one

on June 24, in both of which there was evidence tending to show this defendant participated; hence the contention that the amendment substituted a *different offense* for the one originally charged and for which the defendant had been given a preliminary hearing. Of this more anon.

■ Pursuing the chronological order of events nothing appears from the record to have been done in the case, except that the defendant twice forfeited his appearance bond, which forfeitures were later set aside by the court, until March 17, 1931, when, as the record shows, defendant filed his motion to quash the information and his plea in abatement. They were overruled the same day and the cause proceeded to trial.

Defendant offered no evidence in support of either his motion to quash or his plea in abatement nor did he ask leave to offer such proof. Said motion and plea are not set out in the bill of exceptions. The record proper indicates they were filed and they are copied by the clerk in his transcript of the record proper. Motions of that kind, not amounting in effect simply to demurrers but challenging the validity of the information on grounds not appearing on the face thereof, are not record proper and can only become part of the record by being incorporated in a properly authenticated bill of exceptions. [Smith v. Settle, 329 Mo. 782, 46 S. W. (2d) 882; State v. Shuls, 329 Mo. 245, 44 S. W. (2d) 94 (motion to quash for failure to accord preliminary hearing); State v. Lettrell (Mo.), 39 S. W. (2d) 556 (plea in abatement, same ground); State v. Wooley, 215 Mo. 620, 675, 115 S. W. 417; State v. Tooker, 188 Mo. 438, 87 S. W. 487.] The fact that the clerk copied said motion and plea in the transcript of the record proper, where such copies have no place, does not make them legally a part of the record nor preserve them for review by this court. [State v. Tooker, supra, 188 Mo. l. c. 444; State v. Wooley, supra; State v. Hembree (Mo.), 37 S. W. (2d) 448. And see State v. Turpin, 332 Mo. 1012, 61 S. W. (2d) 945, 947.] Said motion and plea are not therefore before us for review.

■ Had said motion and plea been properly preserved and made part of the record by bill of exceptions it would not aid appellant's case because there was no proof offered in support of them. A preliminary examination is not jurisdictional in the sense that the circuit court is without jurisdiction to try the cause unless and until such examination has been accorded the accused. [Ex parte Buckley, 215 Mo. 93, 114 S. W. 954.] It is well settled that the accused may waive it and if he pleads and goes to trial without calling the court's attention by timely motion or plea in abatement to the State's failure to accord him a preliminary he does waive it. And such allegation in a motion to quash or plea in abatement does not prove itself. It must be proved and the evidence offered in support thereof with the

court's rulings and the exceptions thereto can only be preserved for review by bill of exceptions. [State v. Shuls, supra.] The bill of exceptions in this case shows no proof nor offer of proof in support of said motion or plea. It follows that at the time the court overruled said motion and plea such rulings, judged as they must be by the record presented here, were correct.

After trial on the merits had begun it was developed by the defendant, by cross-examination of the State's witness Baker, that there had been two robberies of the store, one on April 29 and one on June 24, and that the defendant had been present on both occasions. Baker's testimony indicated that defendant had participated in the first as well as the second. It may be inferred from Baker's cross-examination that the amount stolen on April 29 was $69, though such fact, if a fact, appears rather by inference than by positive statement. It may be that in making the complaint before the magistrate which charged a robbery on April 29, Baker had in mind the robbery of June 24, at which $69.14 was taken and was confused as to the date. That evidence was brought out by defendant ostensibly for the purpose of impeaching Baker by showing that at the preliminary, in his complaint and testimony, he had sworn to a date different from that to which he had testified in chief on the instant trial. Baker testified on the trial that in his examination before the magistrate he had been asked about and had testified to both offenses. Affirmative evidence offered by defendant tended to show that Baker had testified at the preliminary only to an offense committed on April 29, the date charged in the complaint. Be that as it may, so far as concerns the point now under consideration we do not regard as important either the scope of Baker's testimony before the magistrate or the purpose for which the fact that two offenses had been committed was brought into the case at that juncture. It was then too late to affect or render erroneous the court's rulings overruling the motion to quash and the plea in abatement made before the trial began and which, as we have pointed out, were correct when made. The jury had been sworn to try the case. The court had jurisdiction and the defendant had been placed in jeopardy. At that stage of the case, on facts thus first made to appear in the introduction of evidence to the jury on the issue of defendant's guilt or innocence then being tried, we think it clear the court could not properly have stopped the trial and discharged the jury in order that defendant might be given a preliminary hearing, even had defendant so requested, which he did not. He should have offered evidence to the court in support of his motion to quash and plea in abatement before the trial and before the court had ruled upon them. Had he done so and established what he now insists are the facts or had he requested and been refused leave to present such evidence and had

properly preserved same and the court's rulings and his exceptions for review, we would have a different question with which to deal. On the record presented that question is not here for review.

In State v. Shuls, supra, the defendant filed a motion to quash the information on the ground that he had not been accorded a valid preliminary hearing. He offered no evidence in support thereof and it was overruled. After verdict and in support of a contention in his motion for new trial that he had been denied a legal preliminary hearing he did offer evidence. We held that it came too late and that the court's ruling on the motion, correct when made, could not thus belatedly be converted into error. In that case the evidence came in after trial and verdict. Here it first appeared before verdict but after the jury had been sworn and the trial on the merits had begun. We think the same principle should be applied. We rule this contention against appellant.

II. Appellant contends that the court erroneously admitted evidence of the robbery of April 29, which is complained of as prejudicial error. We have carefully examined the record and find that contention to be without merit because: The evidence of a robbery of the store on April 29 was brought into the case by defendant himself apparently, as stated above, in an effort to discredit Baker's testimony as to a robbery on June 24. The only reference to April 29 in Baker's examination in chief was in proving the identification of defendant as the man who robbed or helped to rob the store on June 24. He was asked how long he had known John Pippey. He answered: "Since he entered the store on April 29, 1929." He testified that he saw defendant "in the store" on that date and that he next saw him on June 24 when defendant came in, drew his gun and marched witness to the rear room as he had previously testified. No objection was made to any of that testimony except a general objection, stating no grounds, to the first question: "How long have you known John Pippey?" The objection was properly overruled, to which ruling no exceptions were taken. Up to that point in the trial, so far as the record shows, nothing had been said about April 29 nor about a robbery on that date and Baker said nothing then about a robbery or other offense having been committed on that date. He merely said that defendant had been in the store and he had then seen him. Defendant's counsel then took the witness and on cross-examination of Baker and by witnesses called on behalf of the defendant elicited the facts appearing in the record relative to the robbery of the store on April 29 and Baker's testimony relative thereto at the preliminary hearing. When on re-direct examination the prosecuting attorney undertook to go more fully with the witness into the occurrences at the store on April 29, in view of the cross-examination, he was stopped

by an objection from defendant which the court sustained. Defendant requested no further ruling by the court nor did he except to any ruling of the court relative to Baker's testimony on this subject. No other witness for the State testified as to defendant's presence at the store or to an alleged robbery there on April 29. From the foregoing it is obvious that defendant cannot be heard to complain of error on the part of the court in admitting the evidence relative to a robbery on April 29. If error, a question we need not consider, it was committed at the instance of defendant himself and he therefore cannot successfully urge it as ground for reversal.

■ III. In his brief here appellant assigns error to the State's principal instruction because it submitted the robbery of June 24, "a separate distinct and different crime than that for which he was bound over for trial." In his motion for new trial he complains of it because it names $69 as the sum of money taken, whereas "there was not testimony introduced relating to sixty-nine dollars ($69.00) and no testimony that that amount was ever in the possession of the prosecuting witness." Properly we are limited to the ground stated in the motion for new trial but neither ground is valid. The evidence showed that $69.14 was the amount taken. The instruction said "$69.00 or any part of the same, of some value." In a robbery case the amount taken, if of some value, is immaterial. No one can seriously question that the slight variance between the amount shown by the proof and the smaller amount named in the instruction is immaterial and harmless. ■ As to the other objection the instruction did submit the offense charged and shown by the State's evidence to have been committed on June 24, and properly so. That was the offense for which the defendant was on trial. Not only did it submit that offense but it conditioned a conviction upon a finding that defendant had committed that particular offense, requiring a finding of the specific date of June 24, and directing an acquittal unless the jury found the facts as hypothesized. That was correct, in view of the evidence which had crept in, though through defendant's responsibility, relative to a similar offense on April 29. The court could not have submitted the offense of April 29. Defendant was not on trial for that offense and the State had not even attempted to prove it. Had the court refused to submit the offense of June 24, for which defendant was on trial, it would have been equivalent to directing a verdict of not guilty, which indeed defendant had requested on the ground that the evidence did not show that he had been accorded a preliminary examination on the charge of a robbery committed on June 24. From what we have said in paragraph I hereof, it is apparent that the court could not properly have sustained a demurrer to the evidence and directed an acquittal on that ground.

We find no prejudicial error in the record. The judgment of the circuit court is affirmed. *Westhues* and *Fitzsimmons, CC.,* concur.

PER CURIAM:—The foregoing opinion by COOLEY, C., is adopted as the opinion of the court. All the judges concur.