THE STATE v. AUBREY O. McKINLEY, Appellant.—111 S. W. (2d) 115.

Division Two, December 17, 1937

*H. M. Atwell* for appellant.

1188

*Roy McKittrick*, Attorney General, and *Wm. W. Barnes* for respondent.

ELLISON, J.—The appellant was convicted in the Circuit Court of Camden County of attempted robbery in violation of Section 4015, Revised Statutes 1929 (Mo. Stat. Ann., p. 2821), and his punishment assessed by a ·jury at imprisonment in the penitentiary for a term of seven years. On this appeal his sole assignment of error is that the circuit court had no jurisdiction because no information charging him with the crime was filed *after* his preliminary examination before a justice of the peace.

An information was filed in the circuit court on March 1, 1935, *before* any preliminary hearing had been held. Later in that month the appellant filed a motion to quash the information. The court sustained the motion by the following ruling: ''Plea in abatement sustained and ·cause remanded to J. W. Anderson, Justice of the Peace of Osage Township for preliminary hearing.'' At that hearing, held on April 5, 1935, the appellant was committed to jail and held for trial. When the cause went back to the circuit court no new information was filed and the original information was not refiled. The bill of exceptions shows that at the circuit court trial immediately after the prosecuting attorney had asked the first witness a few preliminary questions counsel for appellant made the following objection:

''That at the time of the filing of this information the Prosecuting Attorney had no information from any preliminary hearing on which to file the information. The information shows 'Filed March 1, 1935;' the preliminary examination was held on April 5, 1935.

There has been no information, on a proper preliminary examination, filed in this case."

The objection was overruled, the appellant excepted and the trial proceeded resulting in the conviction and appeal aforesaid. The question is whether the failure of the prosecuting attorney to refile the information after the case came back to the circuit court following the preliminary hearing was such a violation of Section 3503, Revised Statutes 1929 (Mo. Stat. Ann., p. 3124), and Laws 1931, page 203, amending the same, as invalidated the trial proceedings, in view of appellant's objection and exceptions. The part of the statute here involved is as follows:

"No prosecuting or circuit attorney in this State shall file any information charging any person or persons with any felony, until such person or persons shall first have been accorded the right of a preliminary examination before some justice of the peace in the county where the offense is alleged to have been committed in accordance with Article 5 of this chapter. . . . *Provided*, a preliminary examination shall in no case be required where same is waived by the person charged with the crime. . . ."

The purpose of the statute is to safeguard the accused from groundless and vindictive prosecution, and to prevent an abuse of power by the prosecuting attorney. The latter is without authority to file an information charging a felony until after a preliminary examination has been held and a magistrate has found there is probably cause to believe a felony has been committed and that the accused is guilty thereof. [State ex rel. McCutchan v. Cooley, 321 Mo. 786, 792, 12 S. W. (2d) 466, 468.] But the failure to accord a preliminary examination is waived by the accused if he does not raise the point before he pleads the general issue to the information. [State v. Langford, 293 Mo. 436, 443, 240 S. W. 167, 169; State v. Pippey, 335 Mo. 121, 126 (2), 71 S. W. (2d) 719, 721.]

In this case the appellant did not waive the failure to accord him a preliminary examination, but in due time filed a motion to quash the information, which the court treated as a plea in abatement and sustained, entering an order remanding the cause to the justice of the peace for a preliminary hearing. These facts appear in the record proper brought up to this court and do not appear in the bill of exceptions. This raises a preliminary question as to whether they are properly before us—whether we can consider them.

It has been held a motion to quash an information, or a plea in abatement, on the ground that the defendant had not been accorded a preliminary hearing on a felony charge is not a part of the record proper and can only be incorporated in the record by a bill of exceptions. [State v. Pippey, supra, 335 Mo. l. c. 126 (1); 71 S. W. (2d) 719; State v. Settle, 329 Mo. 782, 786 (1), 46 S. W. (2d) 882,

884.] Where the record is silent on the point the law will presume that a preliminary examination was duly held; and hence, if the accused complains on that ground he must introduce proof in support of his plea showing the preliminary examination was not held. [State v. Lettrell (Mo. Div. 2), 39 S. W. (2d) 556, 557 (2).]

But the appellant is not complaining of the trial court's ruling on his motion to quash the information. It was in his favor. He had no ground for exceptions. The *sustension* of the plea was dispositive of the case at that stage of the proceeding. The cause was remanded back to the justice of the peace, and if no preliminary hearing had been held or the defendant had been discharged it would have ended the case. For that reason we think the entry showing the filing of the motion to quash the information and the court's ruling sustaining the same were parts of the record proper. [4 C. J., sec. 1703, p. 98.]

Have we the right to consider the recital in the record proper showing the preliminary examination was held on April 5, 1935, after the cause had been remanded to the justice of the peace for that purpose and long after the information had been filed? State v. Langford, supra, 293 Mo. l. c. 442, 240 S. W. l. c. 168, holds the transcript of the preliminary proceedings in the court of a justice of the peace is not a part of the record proper in a felony prosecution and can only be made so through a bill of exceptions. It would seem a circuit court entry showing the *filing* of the justice's transcript would be a part of the record proper, just as the entry showing the filing of a motion for new trial is a part of the record proper, since the holding of a preliminary is the first jurisdictional step in the proceedings, State v. Nichols, 330 Mo. 114, 124 (8), 49 S. W. (2d) 14, 19—though it can be waived like the failure to file an information can be waived in some states, 61 A. L. R. 798, note. But the *contents* of the transcript (including the date of the preliminary) can only be shown by the bill of exceptions the same as with motions for new trial. In the instant case the record proper does not show the *filing* of the transcript but only purports to set out what was done at a preliminary hearing on April 5, 1935—facts which can be disclosed only by a bill of exceptions. And the bill of exceptions in the case makes no showing of any kind on these points. For these reasons we cannot consider the foregoing entry in the record proper.

If our Rule 13 applied to criminal cases the foregoing discussion would have been unnecessary. The rule provides: "If in any case any matter which should properly be set forth in the abstract as a part of the record proper, shall appear in the abstract as a part of the bill of exceptions, or *vice versa*, such matter shall be considered and treated as if set forth in its proper place, and all objections on account thereof shall be deemed waived," unless the other

party shall make timely objection as in the rule provided affording the appellant an opportunity to correct the abstract. But it was decided in State v. Kaiser, 318 Mo. 523, 300 S. W. 716, that the rule does not apply to criminal cases and that decision has since been followed by the court en banc in State v. Turpin, 332 Mo. 1012, 1016(2), 61 S. W. (2d) 945, 947 (3).

But, reverting to the main question, even though we are not at liberty to take cognizance of the record purporting to show the preliminary examination was held on April 5, 1935, yet it does appear that the court sustained the appellant's motion to quash the information. When that was done the information was to all intents and purposes wiped out, and the case then stood as if no information had ever been filed. This is true although the ruling on the motion did not in terms specify that the information was quashed, but merely treated the motion as a plea in abatement, and recited that the plea was sustained and the cause remanded for a preliminary hearing.

There being no information in the case after the plea in abatement was sustained, the court was without jurisdiction to try the appellant on the charge of attempted burglary. Section 12, Article II of the State Constitution provides: "No person shall be prosecuted criminally for felony or misdemeanor otherwise than by indictment or information, which shall be concurrent remedies. . . ." It is fundamental law that: "There can be no trial, conviction or punishment for a crime without a formal and sufficient accusation." [31 C. J., sec. 1, p. 559, sec. 152, p. 638; 14 R. C. L., sec. 2, p. 152.] Defects in an indictment or information may be waived if the defendant fails to assail them by demurrer or plea in abatement. But the complete absence of a formal accusation is jurisdictional, and the point may be raised at any time in any manner sufficient to bring it to the attention of the trial court. [31 C. J., sec. 531, p. 871; 61 A. L. R., p. 798, note; State v. Duncan, 336 Mo. 600, 607 (2), 80 S. W. (2d) 147, 150; State v. Barrett (Mo. Div. 2), 44 S. W. (2d) 76, 78 (3).]

To comply with Section 3503, supra, the prosecuting attorney should have filed an information or refiled the original information after the preliminary hearing was held and the case went back to the circuit court for trial. That is the course suggested by the few decisions which seem to touch on the subject. [State v. Madden, 324 Mo. 877, 881, 24 S. W. (2d) 1003, 1005; People v. Dochstader, 274 Mich. 238, 245; Thompson v. Adair, 36 Idaho, 790, 793, 214 Pac. 214, 215.]

For the reasons stated the judgment is reversed and the cause remanded. All concur.