ALLEN LAMBUS, Petitioner, v. PAUL E. KAISER, Warden, Missouri State Penitentiary.—No. 38913.—176 S. W. (2d) 494.

Court en Banc, December 18, 1943.

*A. L. McCawley* for petitioner.

*Roy McKittrick,* Attorney General, and *L. I. Morris,* Assistant Attorney General, for respondent.

██ DOUGLAS, C. J.—Allen Lambus, a seventy-three year old colored man, brings this suit for habeas corpus. He formerly lived in Mississippi. He served fourteen years in the Mississippi State Penitentiary for manslaughter and later seven years for attempted rape. After his release on the latter sentence he moved to Missouri.

In the afternoon of July 16, 1943 in a cornfield he struck Juanita Harris, a colored girl of thirteen, with a hay-fork and with his fist and knocked her down. The prongs of the hay-fork pierced her neck. He left her on the ground bleeding from the wounds. He went home. The next morning Juanita's father set out in search of her and found her where Lambus had left her. She was lying on the ground on her back. Her clothes were gathered up about her neck. She was naked from her breast to her feet. She was conscious, able to speak in a whisper but otherwise apparently paralyzed. She named Lambus as the one who injured her. She was taken to the hospital where she died about noon. A medical examination showed she had had intercourse but the doctor was unable to set the time of the act.

On the same day, July 17, Lambus was apprehended and confessed striking Juanita with his hay-fork and with his fist.

On the affidavits of Juanita's father and of the prosecuting attorney, a justice of the peace issued a warrant for the arrest of Lambus and read the warrant to him. He was committed to jail awaiting preliminary examination. The record next shows: "Now on this the 22nd [July, 1943] comes defendant in person and waives preliminary hearing and the case is sent to the circuit court." On August 4, 1943

the prosecuting attorney filed an information in the circuit court charging Lambus with attempted rape and murder. On August 6, Lambus appeared before the circuit court where the following order was entered: "It appearing to the court that defendant is without counsel, and is unable to employ any, John Fletcher, a member of the bar of this court is hereby assigned as counsel to take charge of his defense herein." On August 12, Lambus appeared with his counsel and pleaded guilty, whereupon the court assessed the death penalty. On August 16 he was given allocution and formally sentenced to death and ordered committed to the State Penitentiary. The date of execution was October 1. The governor granted a reprieve first to November 5 and then to December 5 to permit an investigation by the State Board of Probation and Parole, to determine whether it should recommend commutation to life imprisonment. After a full investigation and after medical examination determining Lambus' sanity, the board made no recommendation and the governor refused to grant executive clemency. Thereafter, Lambus petitioned this court for habeas corpus and the date of execution was again postponed.

The issue here is simple. Lambus makes no charge about his confession. He makes no claim that he pleaded guilty before the circuit court through misunderstanding, deception, inducement or coercion; he does not question his plea. He was no stranger to the criminal courts. Before an attorney was appointed to represent him, he attempted to enter a plea of guilty which the court refused to take. At that time the court warned him of the possibility of a death sentence upon a plea of guilty and appointed an attorney to represent him. He and his attorney then counseled together. Before he entered his plea he and his attorney were again warned that a death sentence might be imposed. From Lambus' testimony before this court at the hearing on this writ we are satisfied that Lambus confessed voluntarily and made his plea heedfully. In his testimony no point was made about the waiver of the preliminary examination.

The only issue presented and argued here is that as a matter of law the circuit court was without jurisdiction (based on Johnson v. Zerbst, 304 U. S. 458) because Lambus, being without counsel, did not exercise an intelligent choice in waiving his preliminary examination.

We do not find the law so to be.

The Sixth Amendment of the Federal Constitution[1] and Section 22

---

[1]Amendment VI, U. S. Constitution:—In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the state and district wherein the crime shall have been committed, which district shall have been previously ascertained by law, and to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor, and to have the assistance of counsel for his defense.

of Article II of our Constitution[2] both guarantee the accused the right of counsel "in criminal prosecutions." Under either of these provisions there can be no doubt but that an accused at a preliminary examination is entitled to be represented by counsel if he ▮▮▮ wishes and opportunity of counsel must not be denied him.

A recent Federal case[3] from the District of Columbia discusses the right to be represented by counsel at a preliminary hearing where a plea is taken. It is apparently the practice in the District to demand a plea at such a hearing although there seems to be no express statutory authority for doing so. Such is not authorized nor is the practice in this State. In that case accused was not advised of his rights nor represented by counsel when his plea was demanded. He pleaded guilty. Before trial he obtained counsel and when arraigned by the trial court pleaded not guilty. At the trial the prosecution was permitted to introduce into evidence the earlier plea of guilty. The court found that forcing an accused to make a plea at a preliminary hearing violated accused's privilege against self-incrimination. In that connection it discussed the right of counsel at such a hearing. It argued the privilege against self-incrimination and the right of counsel are both coextensive in time and the privilege extends to a preliminary hearing because the right of counsel extends to every step in the proceedings against an accused.[4] Therefore "the accused is entitled to have counsel at the [preliminary] hearing." The court continues: "If authority for this is needed, it is supplied by the decisions which sustain the right when the accused demands such aid at this stage. (Citing cases.) Whether he must make the demand to avoid waiver goes to the question of violation." The court did not decide whether demand was necessary because it disposed of the case on the ground the privilege against self-incrimination had been violated. The facts of the case before us are entirely different. Here the plea was made in the trial court when Lambus was represented by counsel. There is no evidence that Lambus' waiver of the preliminary examination in any manner whatsoever violated his constitutional rights. His confession, made at the time of his arrest, was made freely after he had been advised he need not make any statement and any statement he made might be used against him. Except for what is said in the opinion in that case we have been unable to find any case which rules there is a duty to appoint counsel at a preliminary examination although not requested, or that imposes re-

---

[2]Article II, Section 22, Missouri Constitution:—In criminal prosecutions the accused shall have the right to appear and defend, in person and by counsel; to demand the nature and cause of the accusation; to meet the witnesses against him face to face; to have process to compel the attendance of witnesses in his behalf; and a speedy, public trial by an impartial jury of the county.

[3]Wood v. U. S., 128 F. (2d) 265.

[4]From Powell v. Alabama, 287 U. S. 45; Johnson v. Zerbst, 304 U. S. 458.

strictions on a waiver of the preliminary examination unless accused has counsel. On the other hand in Gilmore v. United States, 129 F. (2d) 199, it was ruled an inquiry by a grand jury was not a criminal prosecution within the purview of the Sixth Amendment and the right to have assistance of counsel did not accrue until after an indictment had been returned into court by a grand jury because when accused waived immunity and testified before the grand jury he had not been charged with any offense. He was, however, under the protection of the Fifth Amendment.

Even at a trial, the United States Supreme Court has held an accused may waive the guaranties of the Sixth Amendment and may do so without being represented by counsel if his waiver is "the exercise of an intelligent choice made with the considered approval of the trial court."[5] That court has indicated the Sixth Amendment does not comprehend a preliminary hearing.[6]

The case of Johnson v. Zerbst, 304 U. S. 458 is chiefly relied on. It holds that the Federal courts have no jurisdiction to render judgment and sentence against an accused unless he has or waives the assistance of counsel. If the trial court renders judgment under such circumstances, the judgment is void and the one imprisoned may obtain release by habeas corpus. In that case the accused had no counsel at the trial and had not waived the right of counsel.[7] In this case Lambus was represented by counsel before he was permitted to enter his plea in the trial court.

We hold Lambus was not prejudiced ▇ in any of his constitutional rights in waiving his preliminary examination. When he did so he had already confessed striking Juanita. He has never made any contention that his confession was untrue or improperly obtained. He repeated its essential elements before this court. In a preliminary examination it is sufficient if there is merely probable cause to believe the accused guilty to authorize the magistrate to bind him over. A confession shows probable cause.[8]

We find no Federal decisions which aid petitioner. Evans v. Rives, 126 F. (2d) 633, 638 is not apposite. It does not deal with a preliminary examination.

Nor do any of our decisions help him. Under the statutes and decisions of this State it is clear that the court had jurisdiction to render the judgment imposed. A preliminary examination is in no sense a trial, but simply a course of procedure to prevent a possible abuse of

[5]U. S. v. Adams, 88 L. Ed. 16.
[6]Counselman v. Hitchcock, 142 U. S. 547. See also Goldsby v. United States, 160 U. S. 70; Garrison v. Johnston, 104 F. (2d) 128.
[7]For discussions of the holding of that case see Garrison v. Johnston, 104 F. (2d) 128; Thompson v. King, 107 F. (2d) 307; Mothershead v. King, 112 F. (2d) 1104; Sanford v. Robbins, 115 F. (2d) 433.
[8]U. S. v. Kallas, 272 F. 742; U. S. v. Bloomgart, Fed. Cas. No. 14,612.

power by the prosecution.[9] Ordinarily the absence of a preliminary examination does not ipso facto deprive the circuit court of jurisdiction.[10] It has long been established by our decisions that a preliminary examination may be waived[11] and is now so provided by statute.[12] If the accused pleads and goes to trial without calling the court's attention to the State's failure to accord him such examination, he is held to waive it.[13]

The record shows Lambus by affirmative action waived the examination. He does not deny he did so. If he had had counsel at the time, by statute the magistrate would have been required to call them if requested,[14] but he had none and did not request the appointment of any and at no time complained of their absence until the point was raised in this proceeding. He has never shown nor do we find he has been hurt by not having counsel.

The case of Ex Parte Bedard, 106 Mo. 616, 17 S. W. 693, does not support petitioner's contention. It held that a magistrate was disqualified from committing petitioner when a request for change of venue had been filed. The statements in the opinion are but the expressions of the author as the other judges did not concur in the opinion, but in the result.

We find petitioner has been accorded all his constitutional rights and denied none. Accordingly, our writ of habeas corpus is quashed and the petitioner is remanded to the custody of respondent.

All concur.

Date of execution is set for January 28, 1944.

---

[9]State v. Langford, 293 Mo. 436, 240 S. W. 167; State v. McKinley, 341 Mo. 1186, 111 S. W. (2d) 115.

[10]Buckley v. Hall, 215 Mo. 93, 114 S. W. 954; State v. Pippey, 335 Mo. 121, 71 S. W. (2d) 719; But see State v. Cooley, 321 Mo. 786, 12 S. W. (2d) 466.

[11]State v. Ferguson, 278 Mo. 119, 212 S. W. 339.

[12]Sec. 3893, R. S. 1939. ". . . *Provided*, a preliminary examination shall in no case be required where same is waived by the person charged with the crime. . . ."

[13]State v. Pippey, 335 Mo. 121, 71 S. W. (2d) 719.

[14]Sec. 3867, R. S. 1939:—The magistrate shall strictly inform the prisoner of the charge made against him, and read to him the complaint, if requested to do so, and he shall allow the prisoner reasonable time to advise with his counsel, and, for that purpose, to send for counsel, if he require it.