The State ex rel. J. B. McCutchan v. James A. Cooley, Judge of First Judicial Circuit and Special Judge of Circuit Court of Scotland County.—12 S. W. (2d) 466.

Court en Banc, December 31, 1928.

*Rendlen & White, Jayne, Jayne & Jayne* and *Branham Rendlen* for relator.

*Stratton Shartel,* Attorney-General, and *A. B. Lovan,* Assistant Attorney-General, for respondent.

GANTT, J.—Prohibition. Relator seeks to have this court prohibit Hon. James A. Cooley, Special Judge of the Circuit Court of Scotland County, from proceeding with the trial of five criminal cases pending in said court, wherein relator as director of a bank is charged with assenting to receiving deposits when he knew the bank was insolvent.

The prosecuting attorney, on July 1, 1927, filed five complaints with a justice of the peace of Scotland County covering the identical charges set forth in the informations filed in the circuit court. Relator was accorded preliminary examinations before a justice on said complaints and was discharged. These were the only preliminary examinations accorded relator on the foregoing charges. On December 14, 1927, the prosecuting attorney, disregarding the discharges, filed in the circuit court said informations. Relator did not waive the preliminary examinations, but filed in the circuit court pleas in abatement and motions to quash, for the reason that he had been discharged on the preliminary examinations, and that no other preliminary examinations had been accorded to him.

On the hearing of the pleas and motions, the court admitted in evidence the record of the preliminary examination. This was all the evidence admitted. Motions of the prosecuting attorney to strike out the pleas in abatement and motions to quash, for the reason "that said pleas and motions do not state facts sufficient to authorize the court to sustain the same" were sustained. Thereupon, the defendant, J. B. McCutchan, petitioned this court for our writ of prohibition. Preliminary rule was granted, respondent made return, and relator replied.

I. Respondent contends that "the act of the General Assembly of the State of Missouri, to-wit, Section 3848, Revised Statutes 1919 (Laws 1925, p. 195), requiring a preliminary examination to be accorded before an information can be filed in the circuit court, is in violation of Section 12 of Article II of the Constitution of Missouri." This section of the Constitution is as follows:

"No person shall be prosecuted criminally for a felony or misdemeanor otherwise than by indictment or information, which shall be concurrent remedies, but this shall not be construed to apply to cases arising in the land or naval forces or in the militia when in actual service in time of war or public danger."

It is contended by this section a prosecuting attorney is authorized to file informations and that the Legislature is without authority to limit him in doing so by the enactment of said Section 3848.

Obviously this section of the Constitution contains no express limitation upon the legislative power, and we are unable to discover a limitation by necessary implication. But the question is not in doubt, for by Section 17 of Article XV of the Constitution it is provided, as follows:

"**Arrests and preliminary examinations.** Section twelve of the Bill of Rights shall not be so construed as to prevent arrests and preliminary examinations in any criminal case."

This section (17 of Art. XV) was a limitation on the power granted in Section 12 of Article II when Section 12 was amended to authorize prosecutions by informations. In addition, the Legislature had provided for preliminary examinations before the amendment. Therefore the amendment was adopted with the assurance that the Legislature could, and no doubt would, provide for preliminary examinations before the filing of an information. The section of the statute under consideration does not contravene any provision of the Constitution. On the contrary, it was enacted in compliance with an implied direction of the Constitution.

II. Respondent next contends "that he has the right, and it is made his duty, to proceed to try the relator even if the statute, above referred to, be held to be constitutional, as the defendant relator has been accorded a preliminary examination in each one of said five cases, and the discharge of him by the justice of the peace does not deprive the circuit court of the right to try the defendant relator on the charge therein contained."

This is the first appearance of the question in this court. However, we have ruled on the authority of a grand jury to return an indictment "without having any testimony before them touching the guilt or innocence of the accused."

In State v. Grady, 84 Mo. 221, 222, we said:

"It is provided by Section 12, Article 2, of the Constitution that no person shall be proceeded against criminally for felony otherwise than by indictment, which means that no person shall be subjected to the contumely and disgrace of a public final trial on a charge of felony except when the offense charged has been investigated and inquired into by a grand jury of the county where it is committed,

and except when, as the result of such investigation, the grand jury has preferred the charge by indictment into court. While it is said that 'to grand jurors is committed the preservation of the peace of the county, the care of bringing to light for examination, trial and punishment all violence, outrage, indecency, and terror—everything that may endanger and bring disturbance or dismay to the citizen,' and while it is said 'they are watchmen, stationed by the law to survey the conduct of their fellow citizens and inquire when and by whom public authority has been violated, or the Constitution and law infringed,' they are nevertheless held, in the performance of these responsible, duties, to the observance of all requirements by law imposed as prerequisites to make a valid indictment. and by the non-observance of which they would become the oppressor instead of the protector of the citizen. Under all of the authorities one of these prerequisites, we think, is that before the accusation assume the form of an indictment, evidence should be heard on which to base it, and that an indictment found and returned into court without the offense which it sets forth having been inquired into, and without any evidence having been heard in support of the accusation, will, when these facts are made clearly manifest to the court, be quashed, on motion made for that purpose, by the accused.''

We also ruled in State v. Flannery, 263 Mo. 579, 1. c. 592, 173 S. W. 1053, on the effect of the waiver of a preliminary examination, as follows:

''What does he waive? Clearly, I think he waives that which the magistrate was required to find, viz., that a felony had been committed, and that there was probable cause to believe the accused committed it. And by a waiver of such examination accused in effect admits, for all and singular but only for the legal purposes, objects and intents of the preliminary examination, all that such magistrate was required to find, viz., that a crime had been committed and there is probable cause to believe that accused is guilty of its commission. Thereafter it is left to the prosecuting attorney to determine the exact legal name and nature of the offense committed.''

We also ruled in State v. Gieseke, 209 Mo. 331, 1. c. 338, 339, 108 S. W. 525, on the authority of a grand jury to return an indictment while a preliminary examination was pending and undisposed of in the St. Louis Court of Criminal Correction. It was argued that the return of the. indictment by the grand jury under the circumstances was contrary to the now Section 3848, Revised Statutes 1919 (Laws 1925, p. 195), for the reason that the word ''information'' in said section should be read ''indictment.'' In ruling the question, we said:

"It is plain that this is a clear misapprehension of the purpose of that act. The Legislature had in mind, we think, to differentiate between an indictment found by a grand jury after an investigation of the charge with the witnesses before it, and the act of the prosecuting or circuit attorney filing an information charging an accused with a capital offense without the prisoner or accused having had the benefit of an examination of the facts by a grand jury, and intended, in the latter case, to accord the accused the security of a preliminary examination before he should be charged by information for a capital offense. It is a well-established law of this State that the grand jury may investigate and indict one charged with a felony although he has been arrested and held for a preliminary examination, and is not bound to await the action of the examining court, for the reason that the action of the examining court is no bar to the right of the grand jury to inquire into the case and indict the accused even though he has been discharged on the preliminary examination. [State v. Whalen, 148 Mo. 286.] The plea in abatement was properly overruled, as the Act of 1905, upon which it is based, has no reference whatever to indictments preferred by a grand jury."

We also ruled that a purpose of a preliminary examination is "to safeguard them (the accused) from groundless and vindictive prosecutions." [State v. Tunnell, 296 S. W. l. c. 423; State v. Sassaman, 214 Mo. 695, l. c. 723, 114 S. W. 590.] These pronouncements indicate "the way the wind blows."

While it is not expressly provided in Section 3848 that an information cannot be filed until the magistrate has found "that a felony has been committed and that there is probable cause to believe the prisoner guilty thereof," such is the clear intent of the statute. Otherwise the according of an examination before a magistrate is a useless preliminary step and affords no protection to the accused. The lawmakers are guilty of no such absurdity. The examination by a magistrate before an information can be filed by the prosecuting attorney takes the place of an examination by a grand jury before the return of an indictment and prevents an abuse of power by the prosecuting attorney. On a discharge of the accused a complaint may be filed before another magistrate, or the charge may be investigated by a grand jury.

It follows from these conclusions the prosecuting attorney is without authority to file an information charging a felony in the absence of a finding by a magistrate "that a felony has been committed and that there is probable cause to believe the prisoner guilty thereof." Other jurisdictions with similar constitutional or statutory provisions have so ruled. [State v. Goetz, 65 Kan. 125, 69 Pac. 187; People v. Evans, 72 Mich. 367, 40 N. W. 473, 481; State v. McGreevey, 105 Pac. 1047; Coffield v. State, 44 Neb. 417, 62 N. W. 876;

People v. Dillon, 197 N. Y. 254, 90 N. E. 820; Robbins v. Robbins, 133 N. Y. 597, 30 N. E. 977; State v. Leicham, 41 Wis. 565; State v. Boulter, 5 Wyo. 236; State v. Lewis, 31 Wash. 515, 72 Pac. 121.]

Respondent directs attention to State v. Pritchett, 219 Mo. 696, 1. c. 703, 119 S. W. 386. There the defendant complained that he was not accorded a preliminary examination. We ruled the examination was waived, and said:

"Although the justice might, after a preliminary examination, discharge the prisoner, such action would in no way operate as a bar to an indictment, or to an information by the prosecuting attorney for the same offense, and whatever the justice might do in the case is, from a legal standpoint, merely preliminary."

This statement was unnecessary to a decision of the case. If the learned judge intended to rule that on the discharge of an accused by a magistrate the prosecuting attorney was thereby authorized to file an information for the same offense, we do not agree with him. Such a ruling is contrary to all the authorities, and should not be followed. If he intended to rule that a discharge is not a bar to the filing of a complaint with another magistrate, he is in harmony with all the authorities and should be followed.

The Circuit Court of Scotland County has general jurisdiction of criminal cases. However, the mere filing of an information in said court charging a felony does not give the court jurisdiction of the particular case. Now, in these cases preliminary examinations were not waived, and the informations were filed without a finding of a magistrate "that a felony had been committed and that there was probable cause to believe the prisoner guilty thereof." It is as though no informations are on file.

It follows the court is without jurisdiction in the particular cases, and our provisional rule should be made absolute. It is so ordered. All concur, except *Walker, J.,* who dissents in a separate opinion.

WALKER, J., (dissenting).—I do not question the fact that my learned brother has written the law according to its letter. I am, however, as I have been since the enactment of the statute concerning preliminary examinations in 1905, of the opinion that, despite its various minor amendments, it is as now written (Sec. 3848, R. S. 1919; Laws 1925, p. 195), in violation of the Constitution.

In prescribing the two methods for the prosecution of crime the Constitution is exclusive and is not merely a course of procedure but a grant of power; as such it is mandatory. The addition of the method by information was added to that by indictment to facilitate the administration of the criminal law in affording a means whereby persons charged with crime might be more speedily tried. The right to a preliminary examination is purely permissive (Sec. 17,

Art. XV, Constitution), and has no reference to or connection with the constitutional provisions concerning informations or indictments so far as the time and manner of their filing is concerned. The filing of an information is a duty devolving upon the prosecuting attorney, and in the exercise of this duty he is clothed with all the power necessary to render his acts effective. While prosecuting attorneys are not named in the Constitution the nature of their duties is such that in public estimation the powers conferred upon them rise to the importance of a constitutional provision. To hold, therefore, as the letter of the statute indicates and as the majority opinion declares, the power of the prosecuting attorney is hampered and obstructed, and instead of his act in that behalf rising to the dignity and the permanency of an indictment, as was intended, it is subordinated to the acts of a justice of the peace. If the latter, a mere creature of the statute, in the profundity of his legal lore and the amplitude of his wisdom, finds that in his opinion, there is cause to believe that the defendant should be held or admitted to bail or answer such charge as may be preferred against him, then the constitutional power of the prosecuting attorney may be exercised. Otherwise, not.

The resultant effect of holding this statute valid is to minimize the constitutional power of the prosecuting attorney and magnify that of a justice of the peace; lifting him from the trial of petty civil cases and misdemeanors to the altitude of a trier of the facts in criminal cases of the gravest magnitude. I do not think I have, in this opinion, misinterpreted either the tenor or the purport of the majority opinion. It holds, first, that a preliminary examination must be accorded the one charged with a felony; and second, in the absence of such a procedure that the prosecuting attorney has no power to file an information. From whence did the law-making power derive this puissance that enables it to say that a constitutional power for the prosecution of criminals by information shall be subject to the judgment of a justice of the peace?

It is somewhat elementary that a statute, from the title indicating its purpose, to the last line of its subject-matter, must conform to the requirements of the Constitution. While this requirement is essential to the protection of the rights of individuals in civil cases, it is much more so in criminal cases, in which it is to the interest of the entire people, not only that statutes shall conform to the Constitution, but that they shall be so read that the law may be effectively administered and that those charged with crime may not, through technicalities, go unwhipt of justice. I am of the opinion, therefore, that this statute should be held invalid in disregarding the Constitution by attempting to prescribe an unauthorized limitation upon the filing of informations.