**STATE of Missouri ex rel. Raymond D. BURESH, Relator,**

v.

**Honorable George P. ADAMS, Judge, Circuit Court of Audrain County, Missouri, Respondent.**

No. 56359.

Supreme Court of Missouri, En Banc.

June 14, 1971.

Van Matre & Van Matre, by Everett S. Van Matre, Mexico, Mo., for relator.

Thomas I. Osborne, Prosecuting Atty. of Audrain County, Mexico, Mo., for respondent.

BARDGETT, Judge.

This is an original proceeding in prohibition filed by relator, who is a defendant in a certain criminal cause pending before respondent on an information filed by the prosecuting attorney of Audrain County, Missouri, seeking to prohibit respondent from taking any further action in the cause on the ground that no preliminary hearing was held on the charge contained in the pending information. We previously issued our provisional rule in prohibition which we now make absolute.

The subject information was filed July 17, 1969 and charged relator under our comprehensive stealing statute, Sec. 560.156, V.A.M.S., with stealing over $50.00, the charging portion of which is as follows:

"*Said defendant* continuously between July 1959 and January 1969 all in one continuous scheme, act and transaction *did unlawfully, willfully and feloniously steal, take,* convert, *use and embezzle lawful money of the United States* and other property of value, of a value in excess of fifty dollars, *owned by and belonging to Consolidated Electric Cooperative, a corporation,* hereinafter referred to as CEC, and located in Audrain County, Missouri, *by means of certain false* representations, *pretenses and deceit, to wit:* Between July 1959 and January 1969 *defendant was the employee and general manager of CEC and*

*as such submitted* false and untrue *claims* and vouchers *to CEC for alleged legitimate travel expenses* to various places, *falsely pretending and representing that said claims and vouchers were incurred by him in the course and scope of his employment with CEC, which claims defendant then as general manager approved for payment by CEC as legitimate business expenses of CEC;* and defendant had delivered, placed, located, installed and used, at his own personal dwelling house located in Audrain County, Missouri, and for his own personal use and benefit, various goods, wares and merchandise of value, and defendant directed the suppliers and installers thereof to invoice and bill the same directly to CEC, although in truth and in fact said property was not used by or for the benefit of CEC, which false and untrue invoices and bills defendant as general manager approved for payment by CEC as legitimate business expenses of CEC; and defendant as general manager directed the use of CEC employee labor and services and CEC equipment on his aforesaid dwelling house, which services were performed solely for defendant's own personal use and benefit but which were paid for and approved for payment by defendant; and defendant · used and converted to his own use electricity supplied to his aforesaid dwelling house and owned by CEC, which electricity defendant as general manager did not have charged to his own account and for which without permission he did not pay, which facts defendant concealed from CEC, all of which aforesaid pretenses and representations and deceit were made to CEC, and were false and untrue and were known to be false and untrue when made by defendant and the true facts were kept from and concealed by defendant from CEC, and CEC relying upon said false pretenses and representations, and being deceived thereby, because defendant as general manager either submitted said claims, or directed others to submit said claims, to CEC and then approved the same as proper business expenses of CEC and directed that CEC checks be issued in payment thereof, and CEC was thereby induced to part with and did part with lawful money of the United States and employee services and labor owned by·and belonging to CEC, *with the felonious intent then and there to steal and permanently deprive the owner, CEC, of the use thereof and convert the same to his, that is defendant's, own use by means of deceit, contrary to the form of the statute in such cases made and provided and against the peace and dignity of the State.*

WHEREOF the informant asks the judgment of the Court." (Emphasis ours.)

Prior to the filing of the information, supra, there was an amended complaint in two counts filed in Magistrate Court against relator. Count I alleged, in substance, that relator stole, took, used and embezzled money in the approximate sum of $870.00 from relator's employer, the Consolidated Electric Cooperative (herein referred to as CEC), *between July 1966 and October 1968* by falsifying business expense accounts, and conforms substantially to that portion of the information we have italicized above, except in two material respects: one—the information charged that the criminal acts took place between July 1959 and January 1969, whereas the complaint confined itself to July 1966 and October 1968 and, two, the information charged one continuous scheme whereas the complaint did not so charge.

Count II of the amended complaint alleged that relator, between July 1959 and January 1969 stole and converted electricity of CEC to relator's use and conforms substantially to that portion of the information, supra, charging relator with stealing and converting electricity to his own use.

A preliminary hearing was held on the amended complaint. The magistrate bound relator over for trial on Count I and discharged him on Count II.

The sole issue is whether or not relator was accorded a preliminary hearing as required by Sup.Ct. Rule 23.02 and Sec. 544.-250, RSMo 1959 on the charge contained in the information.

Respondent is represented by the prosecuting attorney of Audrain County. He contends a sufficient preliminary hearing was accorded relator because the information charged major stealing under Sec. 560.156 and the counts in the amended complaint, upon which a preliminary hearing was held, as well as two previous complaints, upon which no preliminary hearing was held, also charged offenses under the same statute and that by reason of this relator has been fully informed of the nature of the charges against him.

The information filed by the prosecutor expanded the time within which the alleged offenses were committed to about nine and one-half years beginning July 1959 and ending January 1969. In addition to charging relator with stealing by means of deceit in falsifying expense accounts, the act alleged in Count I of the amended complaint, the information charged relator with four additional criminal acts, including the subject matter of the dismissed Count II—stealing electricity by using it in his home and converting it to his own use without charging it to his account or paying for it.

State ex rel. McCutchan v. Cooley, 321 Mo. 786, 12 S.W.2d 466, was a prohibition proceeding wherein relator sought to prohibit the Circuit Judge from proceeding with the trial of five criminal cases. There, the relator was accorded a preliminary hearing on complaints covering the same subject matter as the informations and was discharged. Thereafter the five informations were filed against him.

The Court held that the clear intent of the statute (then Sec. 3848, R.S. 1919 (Laws of 1925, p. 195)—now Sec. 544.250, RSMo 1969, and Sup.Ct.Rule 23.02) is that no information can be filed until the Magistrate has found "that a felony had been committed and that there was probable cause to believe the prisoner guilty thereof," and that the prosecuting attorney is without authority to file an information charging a felony in the absence of such a finding by the magistrate. l. c. 468.

Section 560.156 is a relatively new statute enacted in 1955 and replaced numerous statutes dealing with all forms of stealing, including deceit, false pretenses and embezzlement. State v. Kesterson, Mo., 403 S.W.2d 606. A violation of the statute may be accomplished by various and different kinds of acts taking place at different times. They may be isolated, unconnected occurrences or one continuous scheme. Whatever it is that the prosecutor intends to include in an information charging a violation of Section 560.156 must be the subject of the complaint upon which the accused is accorded a preliminary hearing and is *bound over for trial*. The action of the Magistrate in holding the accused to answer on the charge in circuit court is a necessary prerequisite, in the absence of waiver, to the filing of an information by the prosecuting attorney in Circuit Court. State ex rel. McCutchan v. Cooley, supra, l. c. 468.

In the instant case there was no preliminary hearing held at all with reference to the subject of the charges that relator caused goods, wares and merchandise of CEC to be installed in his home or that relator caused labor and services of CEC to be performed at relator's home and therefore the prosecuting attorney had no authority to file an information charging relator with these acts. Secondly, the charge contained in the information relating to the stealing and conversion of electricity was the subject of Count II of the amended complaint upon which the Magistrate discharged relator and consequently there was no authority in the prosecutor to include this charge in the information. State ex rel. McCutchan v. Cooley, supra. Thirdly, the charge concerning the falsification of expense accounts in Count I of the amended complaint was limited to the time between July 1966 and October 1968, a period of 28 months, whereas the charge in the information was broadened to include the time between July 1959 and January 1969, a period of nine years and seven months, and was alleged to be a continuous scheme, act and transaction. We hold that the allegations

in the information, although including within their scope the allegations in Count I that the information charged relator with additional and different offenses from that contained in Count I of the amended complaint, constitute such a substantial departure from the scope of said Count I that the information charged re of the amended complaint, and cannot be considered as merely the correction of a date upon which a crime is alleged to have been committed. In view of this we cannot say that the preliminary hearing on Count I of the amended complaint constituted a preliminary hearing on the charge as alleged in the pending information.

Respondent's contention that relator was fully advised of the nature of the charges contained in the information by reason of the several complaints that were filed against him misses the point with respect to the primary purpose of a preliminary hearing. In State ex rel. McCutchan v. Cooley, supra, l. c. 468, this Court said: "We also ruled that a purpose of a preliminary examination is 'to safeguard them (the accused) from groundless and vindictive prosecutions.' State v. Tunnell (Mo.Sup.) 296 S.W. 423, loc. cit. 426; State v. Sassaman, 214 Mo. 695, loc. cit. 723, 114 S.W. 590." Respondent's contention also ignores the requirements of Sup.Ct. Rules 23.02, 23.08 and Sections 544.250 and 544.410, which require, as a prerequisite to the filing of an information that the magistrate, on preliminary hearing, find that a felony has been committed and that probable cause exists to believe the accused to be guilty thereof. The point is ruled against respondent.

Respondent suggests that relator waived preliminary hearing by failing to demand such a hearing instead of filing a motion to abate and cites State v. Pippey, 335 Mo. 121, 71 S.W.2d 719, in support of his position. We do not reach the merits of this point for the reason that the relief requested in relator's motion to abate was precisely what respondent asserts was not requested. Relator's Motion to Abate requested "that prosecution on the information herein be ordered abated and *that the cause be returned to the Magistrate Court of Audrain County, Missouri, for preliminary hearing on the offense purportedly charged.*" (Emphasis ours.) It was this motion that the court overruled, after which this prohibition proceeding was commenced here. The point is ruled against respondent.

We are mindful of Sup.Ct. Rule 24.11 providing, in part, that no information shall be deemed invalid for omitting to state the time at which the offense was committed in any case where time is not of the essence of the offense, as well as Tucker v. Kaiser, Mo., 176 S.W.2d 622, which holds that time is not of the essence in an embezzlement offense. The question here, however, is not whether the information alleges the time within which the offense occurred or whether the times as stated in Count I of the amended complaint would be sufficient to charge an offense of embezzlement. Rather, the question is whether the charge alleged in the information is sufficiently within the scope of Count I of the amended complaint so as to permit us to say that a preliminary hearing was held on the charge contained in the information.

We hold, for the reasons stated, that relator was not accorded a preliminary hearing on the charge contained in the pending information and that preliminary hearing was not waived by relator. We emphasize that the sole issue before us in this case is the circuit court's jurisdiction to proceed to try defendant on the pending information, and it is that issue alone that we here decide.

Our provisional rule in prohibition should be made absolute. It is so ordered.

All of the Judges concur.