Alan IVES, Plaintiff-Relator,

v.

The Honorable Charles SCHROEDER, Judge of the Circuit Court of St. Charles County, Defendant-Respondent.

No. 45758.

Missouri Court of Appeals, Eastern District, Division Two.

Dec. 28, 1982.

Burkemper & Brighoff by William F. Brighoff, Troy, for plaintiff-relator.

Bob Edwards, Troy, for defendant-respondent.

SATZ, Presiding Judge.

In this cause, we previously issued our preliminary writ of prohibition. We now quash that writ as improvidently granted.

Relator[1] is a defendant in a criminal cause on an information originally filed in Lincoln County charging relator with violation of § 570.180 RSMo 1979, which defines the crime of defrauding secured creditors.[2] Defendant was charged with selling secured "sows and shoats." A change of venue was granted, the cause was transferred to St. Charles County and trial began before the respondent judge.

Apparently, there is no dispute about the following facts. The information charged that the crime of defrauding the secured creditor took place on January 15, 1980. At trial, the state failed to prove the crime took place on that date; rather, the only evidence of a sale of the secured "sows and shoats" was in June of 1978. Respondent refused to submit the January 15, 1980 date to the jury. The state moved to amend the information to conform to the evidence. Over the relator's objections, leave to amend was granted. The record does not reflect the exact amendment made, but, apparently it was confined to a change of the date of sale. "It was then realized that a different statute was in effect in 1978," former § 561.570, 1969 which defines the crime of defrauding secured creditors differently than present § 570.180 RSMo 1978. Former § 561.570 1969 makes it a crime for a debtor to sell secured property "without the written consent of the secured party" and without informing the purchaser "that the property is subject to the security interest."[3] Present § 570.180 RSMo 1978 does not explicitly proscribe the sale without the consent of the secured creditor or without informing the purchaser of the security interest, but makes it a crime to "transfer or otherwise deal with property subject to a security interest with the purpose to defraud the holder of the security interest." Relator's counsel interpreted former § 561.570 as defining a different crime and requested a preliminary hearing on this crime. The request was denied. The cause was

---

**1.** Rule 97.02 provides that the party seeking the writ of prohibition is "plaintiff" and the person against whom relief is sought is "defendant." For clarity, we shall refer to the party seeking relief as relator, who was defendant below, and shall refer to the party against whom relief is sought as respondent, the circuit judge below.

**2.** The pertinent part of § 570.180 1978 provides:

"1. A person commits the crime of defrauding secured creditors if he destroys, removes, conceals, encumbers, transfers or otherwise deals with property subject to a security interest with purpose to defraud the holder of the security interest...."

**3.** The pertinent part of former § 561.570 1969 provides:

"Every debtor in any security agreement or trust deed of personal property who shall sell, convey or dispose of the property mentioned in the security agreement or trust deed or any part thereof, without the written consent of the secured party or beneficiary and without informing the person to whom the same is sold or conveyed that the property is subject to the security interest ..., shall, if the property is of the value of fifty dollars or more, upon conviction thereof, be punished by imprisonment ..., or by a fine ...."

submitted to the jury with the crime defined as it is in present § 570.180 and with the date of the crime submitted as "June, 1978." The jury returned a verdict finding defendant guilty of "disposing of chattels subject to a security agreement . . ." and assessed a fine against him.

Relator then filed a Motion to Dismiss the Information and to Set Aside the Verdict. The motion was heard and respondent found "that the information is defective in that as amended it failed to state that defendant failed to inform the person to whom the chattel was sold that same was subject to a security interest, nor was there any proof of the same." Respondent took the "[m]otion under submission" to determine "whether [the] court may grant a new trial under [the] amended information or must dismiss [the] information entirely." The state then filed a motion for leave to file an amended information. The next order of respondent was:

"Cause previously being taken under submission, the court finds pursuant to Rule 29.14 that there is reasonable grounds to believe that defendant can be convicted of an offense if properly charged. The court grants the state leave to file a *new* information." (Emphasis his).

A new information was filed, charging defendant with violation of former § 561.-570 "during the month of June 1978" and defining the charge in the exact language of that statute. Defendant filed a Motion to Dismiss this information. Respondent, by written order, stated that he was going to deny relator's motion approximately one week after the entry of the order. Relator sought the present writ requesting this Court to "command [respondent] to dismiss said action and to refrain from proceeding therein." In his Suggestions, relator argued he could not be proceeded against on the "new" information because it charged him with a new and different crime for which he had no preliminary hearing and, therefore, the court lacked "jurisdiction" to proceed against him. Respondent, in his Suggestions, responded that the "new" information did not charge relator with a new

crime but merely charged him with the same crime using different language. We issued our preliminary writ, briefs were filed and oral arguments made.

Procedurally, it may have been more appropriate to deny relator's petition for the writ without prejudice to the petition being filed after respondent had denied relator's motion to dismiss and respondent had set the matter for trial and was ready to proceed. However, we issued our writ and directed counsel to address, as one of the basic issues, the issue of whether relator was charged in the "new" information with a new crime; and, if so, to address the corollary issue of whether under Rule 29.14, the new charge could be made without a preliminary hearing on that charge. If a preliminary hearing were essential, a writ of prohibition is a proper method for protecting relator's rights. *State ex rel. Buresh v. Adams,* 468 S.W.2d 18 (Mo. banc 1971); *State ex rel. McCutchan v. Cooley,* 321 Mo. 786, 12 S.W.2d 466 (1928).

Unfortunately, after a close scrutiny of the record, we now find the procedural posture of the cause below precludes us from properly addressing the issues raised and briefed. As previously noted, defendant was found guilty of the crime of disposing of chattels subject to a security agreement. No sentence was imposed after this verdict was' received; neither was the verdict set aside. Rule 29.13 permits the court to set aside a "judgment," within thirty days after entry of the "judgment," if ". . . the facts stated in the . . . information do not constitute an offense." Rule 29.14 provides that when a "judgment" is set aside pursuant to Rule 29.13, "the defendant shall be discharged unless the court finds that there is reasonable grounds to believe the defendant can be convicted of an offense if properly charged, in which event the court may order the defendant to be recommitted or released" subject to a proper bond on recognizance. Under these Rules, the threshold question is: Has the judgment been set aside? Without resolving the abstruse question of whether the term "judgment" in Rule 29.13 and 29.14 applies with equal

force to a verdict as well as a judgment, we will assume, for our purposes here, that the term "judgment" as used in these Rules does encompass both verdict and sentence.

■ In the present case, the record does not show the verdict was set aside; thus, Rule 29.14 would not apply. More important, with the verdict of guilty for defrauding creditors still pending against defendant, defendant would be put in double jeopardy by the second information whether it charges defendant with the "same" crime, as the state claims, or charges defendant with a "new" crime, as defendant claims. With a guilty verdict against defendant still pending, proceeding against defendant again on the same charge which underpins the verdict would be subjecting defendant to repeated prosecutions for the same offense, a violation of defendant's rights guaranteed by the double jeopardy clause of the Fifth Amendment. *E.g., State v. Gaskin,* 618 S.W.2d 620, 628 (Mo.1981).[4] On the other hand, with a guilty verdict still outstanding against defendant, proceeding against defendant on a "new" charge based upon basically the same conduct that underpins the outstanding verdict subjects defendant to multiple punishments for the same conduct, a violation of Double Jeopardy Clause of the Fifth Amendment. *E.g., State v. Richardson,* 460 S.W.2d 537, 538–540 (Mo. banc 1970); *State v. Grays,* 629 S.W.2d 466 (Mo.App.1981).[5]

For the purpose of judicial economy, we considered giving the parties specific directions to make the necessary changes in the record below so that this cause could be ruled upon the merits. However, we believe these directions could cause improper judicial intrusion into the cause and, perhaps, infringe upon the privilege and rights of the state and relator.

Accordingly, we quash our preliminary writ as improvidently granted and leave the parties below to their individual devices.

SIMON and SNYDER, JJ., concur.

---

4. It is noted in *State v. Gaskin, supra* at 628, fn. 5:

> "The provision of Art. I, § 19 Constitution of Missouri that 'nor shall any person be put again in jeopardy of life or liberty for the same offense, after being once acquitted by a jury,' does not strictly apply since appellant was not acquitted by a jury, but the Double Jeopardy Clause of the Fifth Amendment was held to be applicable to the states through the Fourteenth Amendment. *Benton v. Maryland,* 395 U.S. 784, 89 S.Ct. 2056, 23 L.Ed.2d 707 (1969)."

5. Admittedly, defendant contends the second information charges the defendant with a new or different crime because, according to defendant, the second information adds the elements of selling the secured chattel without informing the purchaser of the security interest and without informing the secured creditor of the sale. However, in effect, this is no different than charging a defendant with assault and robbery, with the same conduct supporting the force necessary to the assault and the robbery. The crime of robbery would be composed of the "assault" plus added elements.