**STATE of Missouri, Respondent,**

v.

**Charles E. SMITH, Appellant.**

**No. 17415.**

Missouri Court of Appeals,
Southern District,
Division Two.

March 3, 1992.

Marcie W. Bower, Columbia, for appellant.

William L. Webster, Atty. Gen., Robert P. Sass, Asst. Atty. Gen., Jefferson City, for respondent.

MONTGOMERY, Judge.

Following jury trial, Charles E. Smith (Defendant) was convicted of the class A felony of trafficking drugs in the second degree in violation of § 195.223, RSMo Cum.Supp.1989.[1] He was sentenced to a term of sixteen years' imprisonment.

Defendant presents four points on appeal. Because the first point is dispositive of the case, we have no occasion to review Defendant's second point. The remaining points need only be briefly mentioned.

Defendant's first point recites:

The trial court plainly erred in failing to dismiss, *sua sponte*, the information and accepting the jury's verdict of guilty of trafficking drugs in the second degree because the court lacked jurisdiction to try and convict appellant when the information violated the due process clauses of the Fifth and Fourteenth Amendments to the United States Constitution and Article I, Section 10 of the Missouri Constitution, because it failed to allege all essential elements of the offense, in that the information failed to allege appellant possessed or had under his control cocaine base in violation of Section 195.-223.3, RSMo Cum.Supp.1990.

Defendant admits this point was not presented to the trial court in any manner. He requests our review under Rule 30.20.[2] We oblige because an allegation that an information fails to charge a crime is jurisdictional and may be raised for the first time on appeal. *State v. O'Toole*, 619 S.W.2d 804, 806-07 (Mo.App.1981). Furthermore, the State candidly admits the Information is insufficient and makes no claim Defendant was charged with any offense except under § 195.223.3.

Defendant was charged by Information which alleged:

... in violation of Section 195.223, RSMo., committed the class A felony of trafficking drugs in the second degree, ... in that on or about October 11, 1989, in the County of Pemiscot, State of Missouri, the defendant knowingly possessed and/or had under his control six (6) grams or more of a controlled substance, to-wit: *cocaine;*

---

1. All statutory references are to RSMo Cum. Supp.1989, and rule references are to Missouri Rules of Court (1991) unless otherwise indicated.

2. Rule 30.20 provides, in part: "Allegations of error that are not briefed or are not properly briefed on appeal shall not be considered by the appellate court except errors respecting the sufficiency of the information or indictment...."

.... (Emphasis added.)

Section 195.223.3 provides:

A person commits the crime of trafficking drugs in the second degree if, ... he possesses or has under his control ... more than two grams of a mixture or substance described in subsection 2 [3] of this section which contains *cocaine base*.

....

(2) If the quantity involved is six grams or more the person shall be guilty of a class A felony. (Emphasis added.)

No definition of "cocaine base" is found in the statute.

Bluntly, the State concedes manifest injustice on this point for the reason "[it] is apparent from the statute that cocaine and cocaine base are not the same thing." As an example, the State cites *State v. Moore*, 431 N.W.2d 565, 569 (Minn.App.1988), which holds that " 'cocaine base' means pure cocaine in its undiluted chemical form." [4] Minn.Stat. § 152.15, subd. 1 (Supp.1987) provides criminal penalties for conviction of possession with intent to sell specified controlled substances, including a "mixture containing three grams or more of cocaine base." Cocaine was defined elsewhere similar to our definition in § 195.223.2. [5] The Minnesota legislature did not define "cocaine base." Thus, the

Minnesota statutes, like ours, differentiate between drugs described in § 195.223.2 and cocaine base without a statutory definition of the latter.

With the aid of *Moore*, we now must determine if the Information does charge a crime.

The purpose of an indictment [6] is to inform the accused of the charges against him so that he may prepare an adequate defense and plead former jeopardy in the event of acquittal; and to permit the trial court to decide whether sufficient facts are alleged to support conviction. The first purpose exists to protect the due process rights of the accused; the second provides the basis for the court's subject matter jurisdiction. If the indictment is insufficient, the court acquires no jurisdiction and whatever transpires thereafter is a nullity.

The test of sufficiency of an indictment is whether it contains all essential elements of the offense as set out in the statute and clearly apprises defendant of facts constituting the offense.

*State v. Gilmore*, 650 S.W.2d 627, 628 (Mo. banc 1983) (citations omitted).

Thus, to be sufficient under § 195.-223.3(2), an information must charge that

---

3. Subsection 2 of § 195.223 describes the offending mixture or substance as "a detectable amount of coca leaves, except coca leaves and extracts of coca leaves from which cocaine, ecgonine, and derivatives of ecgonine or their salts have been removed; cocaine salts and their optical and geometric isomers, and salts of isomers; ecgonine, its derivatives, their salts, isomers, and salts of isomers; or any compound, mixture, or preparation which contains any quantity of any of the foregoing substances."

4. Defendant cites *United States v. Buckner*, 894 F.2d 975 (8th Cir.1990), which describes cocaine base as "crack." Under the United States Sentencing Guidelines one gram of cocaine base is treated the same as 100 grams of cocaine. In regard to this treatment, the Court said: "We do not believe that requiring more severe penalties for crimes involving cocaine base than for those involving cocaine was either arbitrary or irrational. Members of Congress considered cocaine base to be more dangerous to society than cocaine because of crack's potency, its highly addictive nature, its affordability, and its increasing prevalence." *Id.* at 978.

5. The class A felony of trafficking drugs (a mixture or substance with detectable amounts of coca leaves, cocaine salts, ecgonine or any compound or mixture thereof) in the second degree (as opposed to cocaine base) is found in § 195.-223.2 which provides:

A person commits the crime of trafficking drugs in the second degree if, ... he possesses or has under his control ... more than one hundred fifty grams of a mixture or substance containing a detectable amount of coca leaves ...; cocaine salts, ...; ecgonine, ...; or any compound, mixture, or preparation which contains any quantity of any of the foregoing substances....

....

(2) If the quantity involved is four hundred fifty grams or more the person shall be guilty of a class A felony.

6. Rule 23.01 provides that the state may proceed by either indictment or information.

Defendant possessed or had under his control six (6) grams or more of cocaine base.[7] The Information here referred only to cocaine, omitting any allegation of possession or control of cocaine base.

The Information is fatally defective because it fails to charge an essential element of the class A felony of trafficking drugs in the second degree in violation of § 195.-223.3(2). Therefore, the trial court never obtained jurisdiction and the conviction is a nullity. *State v. Gilmore, supra.*

In Point III, Defendant claims the trial court plainly erred in refusing to declare a mistrial due to Police Chief Howell's reference to Defendant as a "doper." Point IV contends the court plainly erred in failing to declare a mistrial because of comments by the prosecutor in his closing arguments.

Our conclusion on the first point makes it unnecessary to rule on these remaining points. The prosecutor can consider Defendant's arguments in deciding whether to invite at retrial a recurrence of the error asserted. *See State v. Wells,* 804 S.W.2d 746, 749 (Mo. banc 1991).

▮ Finally, because the State concedes the instant conviction should be reversed, we are requested to remand the case for a new trial. The State submits that possession of a controlled substance, § 195.202, is a lesser included offense of trafficking drugs, second degree, § 195.223, because its elements are necessarily included in the greater offense. *State v. Williams,* 678 S.W.2d 845, 847 (Mo.App.1984). Defendant does not dispute that position for he states that, "at most, the state may have proved the class C felony of possession of cocaine under § 195.202.2." We believe the State is entitled to remand of the case.

For guidance to the trial court, we emphasize that because the Information was fatally defective, the trial court never had jurisdiction and jeopardy did not attach. *State v. Voyles,* 691 S.W.2d 452, 455 (Mo. App.1985). "[O]n remand, the State should be afforded an opportunity to seek leave to file an amended information or take such other action as the State deems advisable." *Id.*

Accordingly, the judgment is reversed and the cause is remanded for further proceedings consistent with this opinion.

SHRUM, P.J., and MAUS, J., concur.

---

7. *U.S. v. Brown,* 859 F.2d 974, 975–76 (D.C.Cir. 1988), defines cocaine base, as used in 21 U.S.C. § 841(b)(1)(B)(iii), as any form of cocaine containing the hydroxyl radical excluding salt forms of cocaine. *See also U.S. v. Van Hawkins,* 899 F.2d 852 (9th Cir.1990); *U.S. v. Barnes,* 890 F.2d 545, 552 (1st Cir.1989); and *People v. Phelan,* 99 Ill.App.3d 925, 55 Ill.Dec. 600, 426 N.E.2d 925 (1981).