**STATE of Missouri, Respondent,**

v.

**Jimmy Lee BELL, Appellant.**

**No. 62660.**

Missouri Court of Appeals,
Eastern District,
Division One.

June 22, 1993.

Gary E. Brotherton, Office of the State Public Defender, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., David B. Cosgrove, Asst. Atty. Gen., Jefferson City, for respondent.

CRIST, Judge.

Defendant appeals his convictions for possession of a controlled substance and possession of drug paraphernalia. We affirm.

On December 4, 1991, Defendant was the passenger in an automobile pulled over on South Ellis in Cape Girardeau, Missouri. Police Officer Smith testified a search of Defendant revealed drug paraphernalia, including a crack pipe, steel wool, wire plunger, and two clear bottles with a white powder residue. The search also revealed a small white rock, which Officer Smith testified appeared to be "rock cocaine." Defendant was charged by information for the class C felony of possession of a controlled substance in that "[D]efendant knowingly possessed cocaine, a controlled substance, knowing of its presence and illegal nature."

Dr. Robert Briner, Director of Regional Crime Laboratory in Cape Girardeau, testified he analyzed the residue from the drug paraphernalia and the small white rock to determine if it contained any "controlled substances." He testified the metal wire contained "a considerable quantity or easily detectable quantity of cocaine...." He also testified the white powder residue on

the glass bottles, the crack pipe, and the white rock contained "cocaine."

On appeal, Defendant contends there was insufficient evidence to support his conviction for possession of cocaine, because "the testimony clearly established that the substance seized from [Defendant] was 'crack cocaine,' or 'cocaine base,' which as a matter of law is a substance fundamentally different than 'cocaine.'" We do not necessarily agree with Defendant's assertion that the testimony only establishes he possessed cocaine base (crack) alone. However, even assuming this is true, Defendant's argument fails.

Defendant primarily relies on *State v. Smith*, 825 S.W.2d 388 (Mo.App.1992). In *Smith*, the defendant was charged with the class A felony of trafficking drugs in the second degree in violation of § 195.223.3. The information alleged "the defendant knowingly possessed and/or had under his control six (6) grams or more of a controlled substance, to-wit: cocaine." *Id.* at 389. The court held the information was insufficient to charge the defendant for a violation of § 195.223.3, because that section requires an allegation that the defendant had in his possession *cocaine base. Id.* at 390–91[2]. The information in question had merely alleged the defendant possessed *cocaine. Id.*

Defendant asserts the court in *Smith* distinguished legally and chemically between cocaine and cocaine base. He argues the evidence presented at his trial clearly supports he possessed cocaine base, which is not legally or chemically cocaine. Therefore, he contends he could not be convicted of the crime for which he was charged, possession of cocaine.

Defendant grossly misconstrues *Smith. Smith* interpreted § 195.223, which provides the penalty for second degree trafficking of drugs. Generally, a person may be convicted of it for possessing or having under control either 150 grams of cocaine, § 195.223.2, or two grams of cocaine base, § 195.223.3. The statute makes a legal distinction between cocaine and cocaine base.

Here, Defendant was charged pursuant to § 195.202, which makes it "unlawful for any person to possess or have under his [or her] control a controlled substance." § 195.202, RSMo Supp.1992. The statute does not make a legal distinction between cocaine and cocaine base. It merely regulates possession or control of a "controlled substance." Included in the schedule of controlled substances is the following:

Coca leaves and any salt, compound, derivative, or preparation of coca leaves, and any salt, compound, derivative, or preparation thereof which is chemically equivalent or identical with any of these substances, but not including decocainized coca leaves or extractions which do not contain cocaine or ecgonine;

§ 195.017.4(1)(d), RSMo Supp.1992. The court in *Smith* noted cocaine base is essentially "'pure cocaine in its undiluted chemical form.'" *Smith*, 825 S.W.2d at 390[1], *quoting State v. Moore*, 431 N.W.2d 565, 569 (Minn.App.1988). Therefore, identifying the substance as "cocaine base or crack" is sufficient to identify it as a controlled substance within § 195.017.4(1)(d). Point denied.

For his second point, Defendant avers the trial court erred in giving Instruction No. 4, patterned after MAI–CR3d 302.-04. He argues the instruction improperly defines "beyond a reasonable doubt" as "firmly convinced." Our courts have addressed this issue and rejected it repeatedly. *State v. Griffin*, 848 S.W.2d 464, 469–70 (Mo. banc 1993); *State v. Twenter*, 818 S.W.2d 628, 634 (Mo. banc 1991). Point denied.

Judgment affirmed.

AHRENS, P.J., and REINHARD, J., concur.