STATE of Missouri, Respondent,

v.

Robert L. MAYS, Appellant.

No. 19952.

Missouri Court of Appeals,
Southern District,
Division Two.

Dec. 18, 1995.

Count II: possession of more than thirty-five grams of marijuana, § 195.202, a class C felony.

The trial court heard the case without a jury and found Appellant guilty as charged. Appellant brings this appeal, presenting one point relied on:

"The trial court erred in finding Appellant guilty of trafficking in the second degree and in sentencing him for that conviction ... in that the State failed to prove beyond a reasonable doubt that the substance found in Appellant's bag was 'more than two grams of a mixture or substance ... which contains cocaine base.' "

The State's response to Appellant's point relied on is:

"The trial court erred, in light of the record on appeal, when it convicted and sentenced Appellant for the offense of trafficking in the second degree, because the record on appeal does not show that the State presented sufficient evidence as to the weight of the crack cocaine which Appellant possessed."

Our examination of the record confirms that the State's concession of error is correct.

Both sides agree the conviction and sentence on Count I must be reversed. However, they disagree about the disposition of Count I. Appellant prays that we discharge him on Count I, leaving only the conviction and sentence on Count II. The State prays that we remand the case to the trial court "so that the trial court can enter a judgment of conviction for the lesser included offense of possession of a controlled substance, crack cocaine."

In *State v. Smith*, 825 S.W.2d 388 (Mo. App.S.D.1992), this Court reversed a conviction of trafficking drugs in the second degree, § 195.223.3, for a different reason than the one which compels reversal of the conviction on Count I in the instant case. In *Smith*, the State maintained this Court should remand for a new trial because possession of a controlled substance, § 195.202, is a lesser included offense of trafficking drugs in the second degree. 825 S.W.2d at 391. The accused in *Smith* conceded the

Rose M. Wibbenmeyer, Office of the State Public Defender, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Breck K. Burgess, Asst. Atty. Gen., Jefferson City, for respondent.

CROW, Judge.

Appellant, Robert L. Mays, was charged with two crimes:

Count I: trafficking drugs in the second degree, § 195.223.3(2),[1] a class A felony;

---

1. References to statutes are to RSMo Cum.Supp. 1993 except where otherwise indicated.

State may have proved the class C felony of possession of cocaine. *Id.* This Court acceded to the State's request and remanded the case for further proceedings.

Section 556.046, RSMo 1986, provides, in pertinent part:

"1. A defendant may be convicted of an offense included in an offense charged in the ... information. An offense is so included when

(1) It is established by proof of the same or less than all the facts required to establish the commission of the offense charged...."

 A crime is a lesser included offense only if all factual and legal elements are included in the greater offense. *State v. Booker,* 631 S.W.2d 854, 856[2] (Mo.1982).

Section 195.223.3 provides, in pertinent part:

"A person commits the crime of trafficking drugs in the second degree if ... he possesses or has under his control, purchases or attempts to purchase, or brings into this state more than two grams of a mixture or substance ... which contains cocaine base...."

Obviously, someone can violate the above statute even though he does not have possession of the proscribed substance. One such instance would be where he attempts to purchase more than two grams of it. Consequently, it appears that possession of cocaine base in violation of § 195.202 may not always be a lesser included offense of trafficking drugs in the second degree under § 195.223.3. In that regard, and by analogy, we note that in *State v. Villa–Perez,* 835 S.W.2d 897, 903–04 (Mo. banc 1992), the Supreme Court of Missouri held that possessing more than thirty-five grams of marijuana in violation of § 195.020, RSMo 1986, was not a lesser included offense in transporting marijuana in violation of § 195.025, RSMo 1986.

We need not, and do not, decide whether the trial court, on the record here, may, on remand, properly find Appellant guilty of possession of cocaine base in violation of § 195.202. We observe, however, that Appellant does not contend the trial court would be barred from doing so.[2] Instead, Appellant argues that "judicial economy would best be served by a discharge [on Count I]." Appellant points out that after sentencing, he "successfully completed the shock incarceration program," and the trial court ordered him released on probation per § 559.115, RSMo 1994. Appellant states that if he violates probation, he must complete the sentence imposed on Count II (seven years' imprisonment).

Inasmuch as Appellant has assigned no error regarding his conviction and sentence on Count II, he has abandoned this appeal as to that count. *State v. Taylor,* 857 S.W.2d 482, 488 (Mo.App.S.D.1993), *cert. denied,* —— U.S. ——, 114 S.Ct. 719, 126 L.Ed.2d 683 (1994). The portion of the judgment pertaining to Count II is affirmed.

The conviction and sentence on Count I are reversed. Because Appellant does not maintain we are barred from remanding this case to the trial court to permit that court to consider whether it may properly find Appellant guilty under Count I of possession of cocaine base in violation of § 195.202 and impose sentence therefor, we remand the case to the trial court for that purpose. We need not, and do not, attempt to forecast the arguments, if any, that Appellant may present to the trial court on remand in resistance to such a conviction. Any effort by us in that regard would be premature.

The judgment is affirmed as to Count II, reversed as to Count I, and the case is remanded to the trial court for further proceedings consistent with this opinion.

PREWITT, P.J., and SHRUM, C.J., concur.