

# In the Missouri Court of Appeals
# Eastern District

## DIVISION THREE

| | | |
|---|---|---|
| STATE OF MISSOURI, | ) | No. ED112267 |
| | ) | |
| Respondent, | ) | Appeal from the Circuit Court of |
| | ) | Franklin County |
| vs. | ) | |
| | ) | Honorable Craig E. Hellmann |
| TRAVIS J. DEVORE, | ) | |
| | ) | |
| Appellant. | ) | Filed: December 17, 2024 |

## Introduction

This case presents the question of whether the amendment of an information charging felony possession of a controlled substance that modifies the substance possessed from heroin to fentanyl charges an additional or different offense. Travis Devore appeals the circuit court's judgment entered after a jury verdict convicting him of one count of felony possession of a controlled substance under § 579.015.[1] In his sole point on appeal, Devore argues the circuit court erred when it allowed the State to file, over his objection, a second amended information modifying the controlled substance he was charged with possessing from heroin to fentanyl. He contends this amendment charged him with an additional or different offense, violating Rule 23.08 and his due process rights.[2] Because the elements of the charge were the same before and after the second

---

[1] All statutory references are to RSMo. Cum. Supp. (2023), unless otherwise specified.
[2] All Rule references are to Mo. R. Crim. P. (2023).

amended information, the State did not charge an additional or different offense. Point I is denied, and the circuit court's judgment is affirmed.

## Factual and Procedural Background

Because Devore does not challenge the sufficiency of the evidence, this Court will only recount the facts relevant to his point on appeal. Devore was arrested on August 29, 2017, for the possession of a controlled substance. The State initially filed an information charging Devore with one count of felony possession of a controlled substance in April 2019. The State alleged the controlled substance was heroin. The State filed a second amended information on October 18, 2023, two days before trial, modifying the controlled substance from heroin to fentanyl. Devore's trial counsel moved to dismiss the information, arguing the amendment charged Devore with an additional or different offense. The circuit court overruled the motion. The jury convicted him of felony possession of a controlled substance. Devore raised this claim of error in his motion for a new trial, which the circuit court overruled. This appeal follows.

## Standard of Review

This Court reviews a circuit court's "decision to allow an amendment of a charging document for an abuse of discretion." *State v. Heidbrink*, 670 S.W.3d 114, 124 (Mo. App. E.D. 2023). A circuit court "abuses its discretion only if its decision 'is clearly against the logic of the circumstances then before the court and is so unreasonable and arbitrary that it shocks the sense of justice and indicates a lack of careful, deliberate consideration.'" *Id.* (quoting *State v. Loper*, 609 S.W.3d 725, 731 (Mo. banc 2020)).

**Discussion**

*Point I: State's Second Amended Information Charged a Different Offense*
*Party Positions*

Devore claims the State's second amended information charged him with an additional or different offense. He contends this amendment violated Rule 23.08 and infringed on his due process rights. The State argues the second amended information merely changed how he committed the offense.

*Analysis*

Rule 23.08 governs the amendment of an information. *Heidbrink*, 670 S.W.3d at 126. It states an information may be amended or "substituted for an indictment any time before verdict or finding if (a) [n]o additional or different offense is charged and (b) [a] defendant's substantial rights are not thereby prejudiced." Rule 23.08. An additional or different offense is charged if "the elements of the two offenses are different." *State v. Davies*, 330 S.W.3d 775, 793 (Mo. App. W.D. 2010) (quoting *State v. Smith*, 242 S.W.3d 735, 742 (Mo. App. S.D. 2007)).

"[T]he elements of felony possession of a controlled substance are unambiguous." *State v. Fox*, 658 S.W.3d 186, 190 (Mo. App. W.D. 2022). "A person commits the offense of possession of a controlled substance if he 'knowingly possesses a controlled substance ….'" *Id.* (quoting § 579.015.1). "Section 195.010 defines words and phrases used in chapters 195 and 579 …." *Id.* A "controlled substance" is "a drug, substance, or immediate precursor in Schedule I through V listed in this chapter." § 195.010(6). Heroin is a Schedule I controlled substance. § 195.017.2(3)(k). Fentanyl is a Schedule II controlled substance. § 195.017.4(2)(i). Because heroin and fentanyl are both substances in Schedule I through V, they are both "controlled substances" under § 579.015.

Devore's reading of the statute is not convincing; he reads § 579.015 too narrowly. It is the possession of *any* "controlled substance" the statute forbids; it does not distinguish between the types or schedules of controlled substances. § 579.015.1; *see also State v. Bell*, 855 S.W.2d 493, 494 (Mo. App. E.D. 1993) (rejecting the argument the defendant could not be found guilty of possession of cocaine when he actually possessed cocaine base because the charging statute merely regulates possession or control of a "controlled substance" and does not create a legal distinction between such controlled substances); *State v. Lemons*, 294 S.W.3d 65, 70 (Mo. App. S.D. 2009) (affirming the defendant's conviction of possession of crack cocaine when testing determined it was only cocaine because the charging statute did not create a legal distinction between types of controlled substances, and "whether the substance was cocaine or crack cocaine it is clear that it was a controlled substance the possession of which is prohibited."). It is for this reason the circuit court's final judgment does not mention heroin or fentanyl, only the possession of a "controlled substance" in violation of § 579.015. Because heroin and fentanyl are both "controlled substances" under § 579.015, the elements to prove felony possession were the same before and after the second amended information: knowing possession of any controlled substance. Because the elements are the same, the second amended information did not charge an additional or different offense.

While the second amended information did not charge an additional or different offense, it did modify how Devore knowingly possessed a controlled substance. *See Davies*, 330 S.W.3d at 794 (when "a statute creates an offense that can be committed by alternate methods, an amendment merely changing the method by which the offense was committed does not charge a different offense") (internal quotation marks omitted) (quoting *Smith*, 242 S.W.3d at 742); *State v. Umfleet*, 538 S.W.2d 55, 57–58 (holding the amendment of two felony possession of controlled substance

4

charges from "morphene sulphate" and Fiorinal to morphine and a derivative of barbituric acid "merely specified with more particularity the charge contained in the original information."). Because § 579.015 does not legally distinguish between heroin and fentanyl, the statute creates an offense which can be committed by alternate methods: by possessing either controlled substance. § 195.017.2(3)(k); § 195.017.4(2)(i). Thus, the second amended information merely modified how Devore committed the offense of possession of a controlled substance. The elements of the charge remained the same before and after the second amended information: knowing possession of any controlled substance.[3]

Devore argues heroin and fentanyl are distinct substances under different schedules. He contends the offenses are different because one could commit either offense separately, or, by possessing both substances, one could commit two offenses at the same time. This is a correct—but incomplete—analysis. Devore cites no authority to explain why changing the drugs possessed fits Rule 23.08's elements-based test.

The cases cited by Devore are also not convincing. In *State ex rel. Buresh v. Adams*, the Missouri Supreme Court held the addition of new counts in an information based on new and distinct criminal acts is "such a substantial departure" from the original complaint it charges an additional or different offense. *State ex rel. Buresh v. Adams*, 468 S.W.2d 18, 22 (Mo. banc 1971). There, the State originally filed a complaint charging a corporate general manager with falsifying travel expense accounts and stealing and converting the corporation's electricity. *Id.* at 19–20. The State filed an information after a preliminary hearing, adding counts based on new and distinct

---

[3] Traditionally, a Rule 23.08 analysis would now proceed to the second prong: whether the defendant's substantial rights were prejudiced by the amendment. *Davies*, 330 S.W.3d at 794. However, Devore did not make any argument as to how or why his substantial rights were prejudiced by the amendment. "Contentions not presented in the points to be argued in an appellate brief are abandoned and will not be considered." *Johnson v. State*, 580 S.W.3d 895, 899 n.4 (Mo. banc 2019) (internal quotations omitted) (quoting *Hastings v. Coppage*, 411 S.W.2d 232, 235 (Mo. 1967)). Any argument as to the second prong of Rule 23.08 is abandoned and will not be considered.

criminal acts under the same statute. *Id*. at 20–21. One of the new counts, for example, alleged the defendant had unlawfully expensed services performed by company employees at his home to the corporation. *Id*. These counts alleging new and distinct criminal acts constituted "such a substantial departure from the scope" of the previous complaint the Missouri Supreme Court held it charged the defendant with additional and different offenses. *Id.* at 21–22. In contrast, here the State charged no new and distinct criminal acts. The State charged the same criminal act both before and after the second amended information: Devore's knowing possession of a controlled substance on August 29, 2017. The second amended information merely modified how the criminal act was committed. Thus, *Buresh* addressed the addition of charges for new and distinct criminal acts; this case involves the modification of charges for the same criminal act.

Devore's other case is likewise distinguishable. In *State v. McKeehan,* the Southern District held an amended information charging an offense under a new statute with different elements constituted an additional or different offense. *State v. McKeehan*, 894 S.W.2d 216, 221 (Mo. App. S.D. 1995). There, the State originally charged the defendant with the class B felony of possession of a controlled substance with intent to distribute in violation of § 195.211. *Id.* at 221. "[T]he State was permitted to file an amended information charging the class C felony of possession of a controlled substance in violation of § 195.202 …." *Id.* This amended information charged a different or additional offense because the different statutes had different elements. *Id.* at 223. Section 195.211 required the State prove the defendant possessed more than 35 grams of a controlled substance, while § 195.202 would have authorized a conviction for more than five but less than 35 grams. *Id.* Here, the second amended information does not charge an additional or different offense because, unlike in *McKeehan*, the State prosecuted Devore under the same statute with the same elements.

6

In sum, because heroin and fentanyl are both "controlled substances" under § 579.015, the elements of the charge were the same before and after the second amended information: knowing possession of a controlled substance. The second amended information thus did not change the elements of the charge; it merely modified how the offense was committed. Because the elements were the same, the second amended information did not charge an additional or different offense. Point I is denied.

## Conclusion

The circuit court's judgment is affirmed.

_____
Philip M. Hess, Presiding Judge

Gary M. Gaertner, Jr., J. and
Renée Hardin-Tammons, J. concur.

7